**Peter FASANELLI, on behalf of himself and other similarly situated, Plaintiff,**

v.

**HEARTLAND BREWERY, INC. d/b/a Heartland Brewery and d/b/a Spanky's BBQ, Heartland Brewery LLC, Heartland Brewery 2, Inc., Empire State Brewing Corp., and Jonathan Bloostein, Defendants.**

No. 07 Civ. 00319(DAB).

United States District Court, S.D. New York.

Oct. 5, 2007.

Richard J. Burch, Michael K. Burke, Bruckner Burch PLLC, Houston, TX, D. Maimon Kirschenbaum, Charles Joseph, Joseph and Herzfeld, New York City, for Plaintiffs.

Carolyn Richmond, Fox Rothschild LLP, Anthony Rao, Seyfarth Shaw LLP, New York City, for Defendants.

## MEMORANDUM & ORDER

DEBORAH A. BATTS, District Judge.

On January 16, 2007, Peter Fasanelli ("Plaintiff") filed this action individually and on behalf of all other persons similarly situated against Empire State Brewing Corporation, Jonathan Bloostein, Heartland Brewery Inc., Heartland Brewery 2 Inc., and Heartland Brewery LLC (collectively referred to as "Defendants"). Plaintiff alleges violations of the Fair Labor Standards Act (FLSA) minimum wage, record keeping, and overtime provisions, as well as the New York Labor Law minimum wage, spread of hours, payment of wages, and pay deduction/deduction from gratuities provisions. Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, 216(b); N.Y. Lab. Law §§ 190, 196–d, 198–b, and 650; New York Compilation of Codes, R. and Regs., 12 § 137–1.7. Plaintiff seeks to certify his claims under FLSA as a collective action pursuant to FLSA § 216(b) and to certify the New York State claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Defendants operate six restaurants in New York City: five Heartland Breweries and Spanky's BBQ (collectively referred to as "Heartland restaurants"). (Bloostein Decl. ¶ 1). Since 2001, Plaintiff has been employed by Defendants as a bartender; throughout that time he has worked at five of the restaurant locations. (Fasanelli

Decl. of March 16, 2007, ¶ 3). Plaintiff brings this claim on behalf of himself and those similarly situated, which Plaintiff defines as "all non-exempt persons employed by Defendants in any hourly position, including but not limited to waiters, bartenders, runners and/or bussers." (Pl. Mem. of Law at 1).

Plaintiff alleges that he and his putative class members have been subject to Defendants' policy of refusing to pay them the minimum wage for all hours worked and time and a half rates for work in excess of forty hours per workweek. In particular, they allege that Defendants altered employees time cards so as not to reflect all of their time worked, refused to allow employees to clock-in for certain types of work (including private functions and training periods), failed to pay minimum wages, and retained portions of employees tips. Defendants deny those claims.

On March 30, 2007, Plaintiff filed a Motion seeking conditional collective certification and for court facilitation of notice pursuant to under FLSA § 216(b).[1] For the reasons that follow. Plaintiff's motion to proceed as an FLSA collective action is GRANTED; Plaintiff's motion for court facilitated notice is GRANTED subject to further conditions stated herein.

## I. DISCUSSION

The FLSA was created to "eliminate low wages and long hours" as well as to "free commerce from the interferences arising from production of goods under conditions that were detrimental to the health and well being of workers." *McGuiggan v. CPC Int'l, Inc.*, 84 F.Supp.2d 470, 478 (S.D.N.Y.2000). The FLSA regulates minimum wages and overtime wages paid by employers engaged in interstate commerce. *Liu v. Donna Karan Int'l. Inc.*, No. 00 Civ. 4221, 2001 WL 8595, at *1 (S.D.N.Y. Jan. 2, 2001).

Article 16(b) of the FLSA states in relevant part that: "An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Plaintiff's have asked this Court to certify a conditional class of similarly situated employees at the Heartland restaurants, and facilitate Notice to other employees so that they might "opt-in" to Plaintiff's suit.[2] In addition. Plaintiff and Defendants present disputes about the proper form of notice.

### A. "Similarly Situated"

■ The statute requires the Court to analyze whether Plaintiff's proposed class includes individuals who are indeed "simi-

1. These motion papers included the statement that, "Plaintiffs do not at this time seek to certify Rule 23 class actions for the New York state law claims." (Pl. Mem. of Law at 2). As such, this Court makes no determinations regarding Rule 23 class certification.

2. Since the action was commenced, this Court is in receipt of eighteen Consent to Sue Notices pursuant to 29 U.S.C. § 216(b): Angel Gomez (Feb. 19, 2007), Christopher Jurach (Feb. 22, 2007), Robert Sorrentino (Mar.

13, 2007), Jeanette Hartley (Mar. 14, 2007), Cynthia Dabenlui (Mar. 19, 2007), Antonio Alves (Mar. 30, 2007), Jeremy Stolle (Apr. 1, 2007), Ariel Hoffman (Apr. 13, 2007), Roger Bryan (Apr. 19, 2007), Jeana Barenboim (Apr. 23, 2007), Dionicio Ramirez (Apr. 25, 2007), Jeremy Zenor (Apr. 27, 2007), Edinson Lemos (Apr. 27, 2007), Alvaro Vera (May 14, 2007), Craig Wizeman (May 17, 2007), Nathaly Ariola (May 25, 2007), David Garcia (Jul. 9, 2007), and Michael Padilla (August 30, 2007).

larly situated." Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery. *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y.2005); *Masson v. Ecolab, Inc.*, 04 Civ. 4488, 2005 WL 2000133, at *12–14 (E.D.N.Y. Aug. 18, 2005); *Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 632 (S.D.N.Y.2007). Accordingly, a Court first determines whether class members are similarly situated based on pleadings and affidavits. *Scholtisek v. Eldre Corp.*, 229 F.R.D. at 387; *Cuzco v. Orion Builders, Inc.* 477 F.Supp.2d at 632 (S.D.N.Y.2007). Following this determination, notification of class members proceeds according to a court-ordered plan, providing the opportunity for those notified to "opt-in" to the action. *Scholtisek*, 229 F.R.D. at 387. After discovery, the Court re-examines the record to determine whether the claimants are indeed similarly situated. *Id.* If they are not, the class can be decertified at that time and the claims of dissimilar "opt-in" plaintiffs dismissed without prejudice. *Id.*

▇▇▇ Neither the FLSA nor its accompanying regulations define the term "similarly situated." However, when determining whether a matter shall proceed as a collective action, courts should be mindful of the remedial purposes of the FLSA. *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). To maintain a collective action under the FLSA, a named Plaintiff bears the burden of showing that others are "similarly situated"; the test is "whether there is a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action." *Davis v. Lenox Hill Hosp.*, 2004 WL 1926086, at *7, 2004 U.S. Dist. LEXIS 17283, at *25 (S.D.N.Y.2004). Courts have held that this burden is "minimal." *Cuzco*, 477

F.Supp.2d at 632–633, (citing *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 106 (S.D.N.Y.2003)). A plaintiff can satisfy this burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y.1998), *Gjurovich*, 282 F.Supp.2d at 104, *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997), *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y.2005).

Therefore, the appropriate inquiry at this pre-discovery stage is whether the putative class alleged by Plaintiffs is similarly situated based on the pleadings and any affidavits. Plaintiff's Motion for Conditional Class Certification is supported by allegations in his Complaint, as well as declarations submitted by nine individuals. Eight Declarants allege variations between their time-clocked and their actual time paid, and one Declarant alleges having personally witnessed "time shaving." (Darensbourg Decl. ¶ 7). Four Declarants allege that they were not compensated fully for their overtime work. (Faisanelli Decl. ¶ 6; Gomez Decl. ¶ 14; Barenboim Decl. ¶ 8; Lemos Decl. ¶ 6). Five Declarants allege that they were not paid during their training period. (Darensbourg Decl. ¶ 7; Fasanelli Decl. ¶ 12; Gomez Decl. ¶ 11; Barenboim Decl. ¶ 9; Ramirez Decl. ¶ 6). Three Declarants allege that management retained a portion of their tips. (Fasanelli Decl. ¶ 17; Gomez Decl. ¶ 17; Sorrentino Decl. ¶ 6). And, two employees allege that they were not allowed to "clock-in" for certain types of work such as private parties and staff meetings. (Fasanelli Decl. ¶ 13; Gomez Decl. ¶ 13).

Defendants object to the Plaintiff's use of portions of these Declarations as: "inadmissible hearsay, speculation, personal be-

liefs and conclusions." (Defs'. Mem. of Law at 14). As noted above, however, the initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations. Further, the Court is not being asked for a determination on the merits and the Defendant will have another opportunity to object to class certification after discovery.

■ Conditional class certification is appropriate here where all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations. The declarations provide a factual nexus between their claims. Their claims are further supported by the eighteen "opt-in" Plaintiffs that have already joined this suit. In addition, Defendants concede that servers, bartenders, runners and bussers are subject to a common time-keeping practice based on an electronic clock-in/out system; they also concede that two restaurant locations "punch-adjust" the time clocked by their employees. (Defs'. Mem. of Law at 5; Clements Decl. ¶¶ 5, 6). Two of their supporting declarations, from General Managers of Heartland restaurants, report using a "punch-adjust" system to review whether an employee "clocked-in early (and performs no work), or clocked-out late (or not at all) after finishing his or her duties." (Decl. Clements Decl. ¶ 5; Decl. Laverdi ¶ 4).

Other courts have authorized collective certification on similar or lesser factual showings. *See, e.g., Lynch v. United Services Auto. Ass'n,* 491 F.Supp.2d 357, 369–370 (S.D.N.Y.2007) (finding a putative class was similarly situated based on the deposition testimony of five people and three "opt-in" plaintiff declarations); *Sipas v. Sammy's Fishbox, Inc.,* No. 05–CV–10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006) (conditionally certifying class on basis of three affidavits and complaint's allegations); *Masson,* 2005 WL 2000133, at *14 (conditionally certifying on basis of three "opt-in" plaintiffs). Plaintiff has therefore met his "minimal" burden.

To the extent that Defendants opposition relies on a detailed factual dispute about whether the Defendants maintain an "illegal off-the clock" policy, "illegal tip retention" policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case. *Cf. Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 174, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."); *Lynch,* 491 F.Supp.2d at 368–69 (S.D.N.Y., 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Young,* 229 F.R.D. at 54 (finding that "[t]he focus ... is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated ... with respect to their allegations that the law has been violated"); *Hoffmann,* 982 F.Supp. at 262 ("the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist here").

Because Plaintiff has provided a sufficient factual nexus between himself and the putative class to determine that they are indeed similarly situated, Plaintiffs Motion for Conditional Class Certification is GRANTED.

## B. Court Authorization of Notice

■ It is well settled that courts may authorize notice when the Plaintiff has demonstrated that he and potential plaintiffs are similarly situated. *See Gjurovich,*

282 F.Supp.2d at 104 (quoting Sbarro, 982 F.Supp. at 261); *Young,* 229 F.R.D. at 54. The Supreme Court has noted that "[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner." *Hoffmann–La Roche,* 493 U.S. at 171–172, 110 S.Ct. 482. "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.* 172, 110 S.Ct. 482.

Neither the statute, nor other courts, have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain. The Supreme Court has abstained from reviewing the contents of a proposed notice under § 216(b), noting that such "details" should be left to the broad discretion of the trial court. *Hoffmann,* 493 U.S. at 170, 110 S.Ct. 482 ("We confirm the existence of the trial court's discretion, not the details of its exercise").

■ When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions. The Notice provisions of 216(b) were intended to achieve judicial efficiency by settling the claims of similarly situated employees at the same time. *Hoffmann,* 493 U.S. at 170, 110 S.Ct. 482. Proceeding in a collective action also allows plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id.* Yet, these benefits "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*

The Defendant in this action raises a whole host of issues regarding the provision of Notice which are variously premature or meritless. (Defs'. Mem. of Law at 23–25). Further, the Defendants have not provided their own proposed letter, but rather objected to specific portions of Plaintiffs' letter. As such, the Court adopts the proposed notice letter submitted by the Plaintiff subject to modifications described herein. (Pl. Mem. of Law. Ex. A, B). Defendants will have another opportunity to contest the class certification after discovery.

■ Three issues, however, are worthy of mention. First, Defendants argue that in light of the general two year FLSA statute of limitations they need only provide names of employees whom they employed over the two years prior to this Court's Order today. In light of the FLSA provision that extends the statute of limitations from two to three years for "willful" employer violations. Plaintiffs have asked for the names of those Employees employed by Heartland over the three year period prior to the date of the filing of their Complaint. Out of an abundance of caution, and seeking to avoid any merit-based determinations at this time, the Court will conditionally certify class members employed by Heartland over the past three years pursuant to possible de-certification at a later time. Specific challenges to the timeliness of the claims of certain "opt-in" plaintiffs or the named Plaintiff can be addressed after the completion of discovery during the second phase of the collective action certification process. *See Anglada v. Linens 'N Things, Inc.,* 2007 WL 1552511, *9 (S.D.N.Y.2007).[3]

---

**3.** The parties also dispute whether the three year period dates from the filing of Plaintiff's

Complaint, or whether the three years ought to date from this Court's order. Again, out of

 Second, Plaintiff is seeking production of names, last known mailing addresses, alternate addresses, telephone numbers, Social Security numbers, work locations and dates of employment of all "Covered Employees". (Pl. Mem. of Law at 2). Defendant objects to disclosing such personal information, especially the Social Security numbers of its employees, noting privacy concerns. (Defs. Mem. of Law at 24). Plaintiff has provided no rationale to explain why he requires such extensive production of information. As a result, only the names, current or last known addresses of class members, as well as known email addresses, shall be provided.

 Finally, Plaintiff's current proposed notice letter gives potential "opt-in" Plaintiff's no information about the fee arrangement agreed to by Plaintiff and his attorneys. Because the fee structure may impact on "opt-in" Plaintiff's recovery, if any, notice of those agreements should be provided up front. The final notice provision shall include a statement informing "opt-in" Plaintiff's of any arrangements regarding attorneys fees and costs that they might be entering.

## II. CONCLUSION

Therefore, Conditional Class Certification is GRANTED for all hourly employees of Defendants' six restaurants. Plaintiff shall submit an amended Notice of Lawsuit and Consent to Sue to the Court within (10) days. The Court finds Plaintiff is entitled to discovery of the names, known email addresses, and current or last known addresses of all hourly workers employed by the Defendants restaurants over three years from the date of the Complaint. Defendants shall provide Plaintiff with the names and addresses of those employees (30) days of the date of this

an abundance of caution, the more inclusive

Memorandum & Order. Opt-in Plaintiffs shall have (90) days from the date the Defendant produces those names and addresses to file Consent to Sue letters with this Court.

SO ORDERED.