Anya **GAYLE, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 08–18C.**

United States Court of Federal Claims.

Dec. 17, 2008.

Richard Celler, Morgan & Morgan, P.A., Davie, Florida, for plaintiff. With him at the hearing was Andrew Frisch, Morgan & Morgan, P.A., Davie, Florida.

David M. Hibey, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Gregory G. Katsas, Assistant Attorney General, Civil Division; Jeanne E. Davidson, Director, Commercial Litigation Branch, and Kirk T. Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Anya Gayle, a former per diem nurse's assistant at the Northport Veterans Affairs Medical Center, has brought suit against the United States under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. §§ 201–219. *See* Compl. ¶ 1. Ms. Gayle claims that the government failed to comply with the Act because it did not "pay [her] proper time and one half overtime compensation for all hours worked over forty in one or more workweeks." Compl. ¶ 6. The government has answered the complaint denying liability. Ans. ¶ 15. Prior to completing the exchange of initial discovery disclosures, plaintiff filed a motion requesting that the court conditionally certify a nationwide collective action encompassing all per diem nurses' assistants who have worked at medical centers operated by the Department of Veterans Affairs during the last three years, relying on Section 16(b) of the Act, 29 U.S.C. § 216(b). *See* Pl.'s Mot. to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members at 1 ("Pl.'s Mot."). Plaintiff also requests that the court authorize a form of notice to be given to all such per diem nurses' assistants. *Id.* After briefing, the issue was argued by the parties at a hearing on November 14, 2008.

## FACTS[1]

Ms. Gayle worked as a per diem nurse's assistant at the Northport Veterans Affairs Medical Center for an eight-month period during 2006. Pl.'s Mot., Ex. 2 (Decl. of Anya Gayle (Sept. 3, 2008) ("Gayle Decl.")) at 1.[2] The Northport Veterans Affairs Medical Center is located on Long Island and is one of six Veterans Affairs' medical centers located in New York State that employs per diem nurses' assistants. Hr'g Tr. 15:14–15.[3] In addition to its facilities located in the State of New York, the Department of Veterans Affairs operates numerous medical centers throughout the United States that employ per diem nurses' assistants. Hr'g Tr. 6:21–22.

As a per diem nurse's assistant, Ms. Gayle was required to "provide patient care and supervision, monitor vital signs of . . . patients, assist . . . doctors where necessary, and dispense medication to patients." Gayle Decl. at 1. Ms. Gayle avers that her responsibilities during her employment at the Northport Veterans Affairs Medical Center were representative of the work that all per diem nurses' assistants are expected to perform. *See* Gayle Decl. at 2. Ms. Gayle and other per diem nurses' assistants are paid an hourly salary for their work. Compl. ¶ 1. Ms. Gayle asserts that she and many other per diem nurses' assistants were required to work more than 40 hours a week. Compl. ¶ 1.

Under the FLSA, an employer is required to pay overtime when a nonexempt "employee[ ] who in any workweek is engaged in commerce" works longer than 40 hours in

that week. 29 U.S.C. § 207(a)(1). The plaintiff claims that per diem nurses' assistants are not exempt from the overtime provision of the Act. Compl. ¶ 1. Ms. Gayle asserts that she was "not paid time and one-half overtime as required" by the FLSA when she worked more than 40 hours a week but instead received her normal hourly wage. Gayle Decl. at 2. The plaintiff avers that while she worked at the Northport Veterans Affairs Medical Center she "observed . . . hundreds of similarly situated 'per diem' nurses[' assistants]" who worked more than 40 hours a week and were not appropriately compensated for the overtime they worked by the government. *Id.* Furthermore, Ms. Gayle claims that she has spoken to Romain Ismael[4] and Jose Garcia, two former per diem nurses' assistants at the Northport Veterans Affairs Medical Center,[5] and they informed her that "they would opt-in to [the] case, because they too were paid 'straight time' due to [d]efendant's illegal pay policies pertaining to 'per diem' nurses[' assistants]." *Id.*

## STANDARDS FOR DECISION

■ The FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his [or her] employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he [or she] is employed." 29 U.S.C. § 207(a)(1). Section 16(b) of the Act pro-

---

1. The recitations that follow do not constitute findings of fact by the court. Instead, the recitals are taken from the parties' filings and are undisputed or alleged and assumed to be true for purposes of the pending motion, except where a factual controversy is explicitly noted.

2. Initially, plaintiff described herself as a per diem nurse and asked the court to provide notice to "all hourly paid 'per diem' nurses." Pl.'s Mot. at 1–2. The government responded that Ms. Gayle served as a nursing assistant and not a per diem nurse. Def.'s Opp'n to Pl.'s Mot. for Conditional Certification and Notice to Putative Collective Action Members at 2 ("Def.'s Opp'n"). Plaintiff's reply clarified that she has been employed as a per diem nurse's assistant and that she sought "to notify per diem nurse[s'] assis-

tants similarly situated to [p]laintiff." Pl.'s Reply Mem. in Support of Mot. to Facilitate Notice to Potential Class Members at 1 n. 1 ("Pl.'s Reply").

3. Citations to the transcript of the hearing held on November 14, 2008 are to "Hr'g Tr. —."

4. At the time of the hearing, Romain Ismael had filed a consent to join the instant litigation. Notice of Consent to Join, Oct. 14, 2008, Docket no. 18. The complaint has not been amended to reflect that joinder.

5. The government asserts that "agency records for the last 17 years do not show anyone named Jose Garcia ever working for the agency at the Northport VA Medical Facility." Def.'s Opp'n at 1.

vides that "[a]n action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees can become plaintiffs in a FLSA collective action lawsuit when they "give[ ] [their] consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Collective actions are distinct from class action lawsuits and thus are not subject to the requirements governing class actions set forth in Fed.R.Civ.P. 23, *see Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 117 (D.D.C.2004), or its counterpart in this court, Rule 23 of the Rules of the Court of Federal Claims ("RCFC").

The FLSA does not set forth in precise detail the manner in which collective actions should proceed. *See Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170–72, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Three potential methods of addressing the issue of certification of collective actions under Section 16(b) of the FLSA have been identified. *Briggs v. United States*, 54 Fed.Cl. 205, 206 (2002) (describing the first method as "a two-step ad hoc approach," *see Cameron–Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 n. 2 (11th Cir.2003), the second method as incorporating "the provisions of Rule 23 of the Federal Rules of Civil Procedure," *see Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir.2001), and the last approach as incorporating the "spurious class action" recognized in the pre–1966 version of Fed.R.Civ.P. 23, given that "the Advisory Committee specifically stated that the 1966 amendments to Rule 23 did not apply to FLSA collective actions," *Chase v. AIMCO Props., L.P.*, 374 F.Supp.2d 196, 199 (D.D.C. 2005)). The majority of courts that have considered these competing options have embraced the two-step approach to deciding whether certification as a collective action is appropriate in a given case. *See, e.g., Cameron–Grant*, 347 F.3d at 1243; *Thiessen*, 267 F.3d at 1102–03; *Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 632 (S.D.N.Y.2007); *Castillo v. P & R Enters., Inc.*, 517 F.Supp.2d 440, 445 (D.D.C.2007). Both parties agree that the two-step approach consti-

tutes the proper framework for determining whether certification is appropriate in this case. *See, e.g.*, Pl.'s Mot. at 6; Def.'s Opp'n at 2.

The first step of that approach requires the named plaintiff to make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997). Plaintiff can satisfy the evidentiary burden imposed by the first step by showing that the pleadings, affidavits, and other available evidence support the conclusion that potential class members are similarly situated. *Cuzco*, 477 F.Supp.2d at 632. In deciding whether to conditionally certify a collective action, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y.2007) (citation omitted). If a plaintiff is able to satisfy the first step, the collective action will be conditionally certified and notice may be sent to potential collective action plaintiffs. *See Castillo*, 517 F.Supp.2d at 449–50.

The second step of the certification process occurs at the conclusion of discovery. *See Hunter*, 346 F.Supp.2d at 117. At the close of discovery, the defendant may move to decertify the collective action on the basis of evidence developed during discovery by demonstrating that the collective action plaintiffs are not similarly situated. *Id.* The second step requires the court "to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Heckler v. DK Funding*, 502 F.Supp.2d 777, 779 (N.D.Ill.2007). The similarly-situated inquiry conducted by the court after the conclusion of discovery does not employ the first step's lenient evidentiary standard but rather requires the plaintiff to satisfy a more demanding criterion. *See Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D.Ala.2004) (explaining that a more stringent inquiry is appropriate under the second step because

"at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had an opportunity to conduct discovery."). At that point, if the court is satisfied that the plaintiffs meet the similarly situated requirement of the FLSA, it will allow their suit to proceed as a collective action. *See Hunter*, 346 F.Supp.2d at 117. However, if the plaintiffs are not similarly situated, the collective action will be decertified and the claims of "the opt-in plaintiffs are dismissed without prejudice, and the named plaintiffs proceed to trial in an individual capacity." *Id.*

## ANALYSIS

### A. Similarly Situated

Plaintiff claims that a nationwide conditional certification is appropriate in this case because the United States has an "unlawful compensation policy and practice toward the defined class of hourly paid 'per diem' nurses[' assistants that] is nation-wide." Pl.'s Mot. at 3. The plaintiff asserts that there is a nationwide policy of not appropriately compensating per diem nurses' assistants for any overtime they work because the "codified employment handbook for the VA" limits the compensation of per diem nurses' assistants to their hourly wage. Hr'g Tr. 5:15–22. In support of this contention, plaintiff avers that while she worked at the Northport Veterans Affairs Medical Center, many "similarly situated 'per diem' nurses['assistants]" worked more than 40 hours a week but failed to receive appropriate compensation for the overtime that they had worked. Gayle Decl. at 2. Additionally, Ms. Gayle asserts that when she brought this matter to the attention of "management" she was informed that "this system of compensation (straight time for overtime hours worked) was the method of compensation applicable to all VA hourly paid 'per diem' nurses['assistants], and it was not going to change." *Id.*

 Notwithstanding the lenient evidentiary standard applicable to a first step conditional certification of a collective action, plaintiff must offer some credible evidence that other potential plaintiffs are similarly situated. *See, e.g., Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 321 (S.D.N.Y.2007). Here, plaintiff has not made the showing necessary to support a nationwide conditional collective action certification. It is axiomatic that in moving for conditional certification on the basis of a company-wide policy, plaintiff must provide an evidentiary basis for the existence of such a policy. In this instance, the only evidence in the record concerns the experiences of Ms. Gayle and her two alleged coworkers at the Northport Veterans Affairs Medical Center. *See* Pl.'s Mot. at 3, 9. The experience of these three individuals at one Veterans Affairs' medical center is not sufficient to conclude that the agency has a nationwide policy of not paying overtime to per diem nurses' assistants.

 Recognizing the gossamer-thin evidence that has been produced to support conditional nationwide certification, plaintiff argues that "the best evidence" of a nationwide policy "is the lack of evidence from the government that it doesn't exist." Hr'g Tr. 11:10–12. Plaintiff's lawyers concede that "there is no affirmative evidence in the record" that would support conditional certification of a nationwide collective action, Hr'g Tr. 7:4–6, but they seek to ignore the fact that in moving for conditional certification the plaintiff has to produce some affirmative evidence to support her motion. *See, e.g., Hoffmann*, 982 F.Supp. at 261. Plaintiff's burden to produce affirmative evidence to demonstrate that putative collective action plaintiffs are similarly situated is not alleviated simply because she moved for conditional certification prior to completing the exchange of initial disclosures. Plaintiff thus has overreached in moving for conditional nationwide certification on the basis of the evidence provided to support her motion.

The insufficiency of the plaintiff's affidavit describing her experience at the Northport Veterans Affairs Medical Center to support nationwide conditional certification becomes readily apparent when compared to other recent FLSA decisions. In *Jirak v. Abbott Laboratories, Inc.*, 566 F.Supp.2d 845 (N.D.Ill.2008), plaintiffs supported a claim that the defendant had a company-wide policy of not paying overtime to pharmaceutical

representatives by pointing to a statement of defendant's designee for deposition that "[d]efendant has never paid overtime to any [of] its pharmaceutical sales representatives, [and] that [d]efendant has 'always' classified the position as exempt." *Id.* at 849.[6] Other courts that have granted conditional certification on the basis of a company-wide policy have relied upon evidence from individuals "that ... had worked for [d]efendant in several states" to demonstrate that the defendant had the same compensation policy at "each location." *Goudie v. Cable Commc'ns, Inc.,* 2008 WL 4628394, at *6 (D.Or. Oct.14, 2008). In sum, although plaintiff need only make a modest factual showing to support conditional certification, she has failed to show a nationwide collective grouping. Plaintiff's affidavit describing the experience of three individuals at only one of the defendant's facilities is not a sufficient basis for the conditional certification of a nationwide collective action.

Conditional certification with court-authorized notice only to per diem nurses' assistants at the Northport Veterans Affairs Medical Center emerged at the hearing as an alternative to plaintiff's request for nationwide conditional certification. *See* Hr'g Tr. 24:17–18. At the hearing, plaintiff's lawyers urged that a limited certification and notice to the Northport Veterans Affairs Medical Center was appropriate, *see* Hr'g Tr. 10:13–20; 23:3–10, although the government maintained its objection to any conditional certification of a collective action. Hr'g Tr. 19:15–22. The government relies on the fact that plaintiff put forward only her declaration and that she had worked at the Northport Veterans Affairs Medical Center only "for about seven or eight months in 2006." Hr'g Tr. 19:17–18.

 In this respect, to satisfy the similarly situated standard, courts inquire whether "the named plaintiff ... [has] demonstrate[d] a 'factual nexus' between his or her situation and the situation of other current and former employees." *Young v. Cooper*

*Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005). This standard does not prevent conditional certification merely because potential plaintiffs have "distinctions in their job titles, functions, or pay." *Jirak,* 566 F.Supp.2d at 849.

In her declaration, plaintiff avers that all per diem nurses' assistants at the Northport Veterans Affairs Medical Center perform the same basic functions. *See* Gayle Decl. at 1. Based upon her months-long tenure as a per diem nurses' assistant at the Northport Veteran Affairs Medical Center, Ms. Gayle declares that she has personal knowledge of many other "similarly situated 'per diem' nurses ['assistants]," Gayle Decl. at 2, but that averment appears to overstate plaintiff's actual knowledge. She specifically asserts in her declaration only that she has talked to two other per diem nurses' assistants, Jose Garcia and Romain Ismael, *id.,* one of whom may not have worked at the Northport Center. *See supra,* at 76 n. 5.

 The government asserts that Ms. Gayle's declaration "lacks credibility," Def.'s Opp'n at 3, seizing upon the facts that Ms. Gayle described herself as a per diem nurse when she was actually a nurse's assistant and that the government lacks any documentation indicating that a person named Jose Garcia ever worked at the Northport Veterans Affairs Medical Center. *Id.* Although these arguments have some persuasive power, the court's task in conditionally certifying a collective action is limited to determining whether potential plaintiffs are similarly situated to the named plaintiff. *See, e.g., Castillo,* 517 F.Supp.2d at 445. In such a determination, the court is prohibited from "resolv[ing] factual disputes, ..., or mak[ing] credibility determinations." *Lynch,* 491 F.Supp.2d at 368–69. Thus, the government's challenge based upon credibility is unavailing, and plaintiff's declaration suffices for the modest showing required for the first step of the two-step approach. *See McKinney v. United Stor–All Ctrs., Inc.,*

---

6. Ms. Gayle's assertion that "management" informed her of a company-wide policy is insufficient to support conditional certification on a nationwide basis. The statements in *Castillo* and *Jirak* about a company-wide policy were made by

identifiable corporate representatives, not amorphous "management." *See, e.g., Jirak,* 566 F.Supp.2d at 849; *Castillo,* 517 F.Supp.2d at 446.

—— F.Supp.2d ——, 2008 WL 4832867, at *3 (D.D.C. Nov.10, 2008).

██ The court has determined that the plaintiff did not present sufficient evidence to support conditionally certifying a nationwide collective action. However, plaintiff's allegations are sufficient to support authorizing conditional certification of a collective action for per diem nurses' assistants who are working or have worked at the Northport Veterans Affairs Medical Center.

### B. Notice

██ Upon a showing that the named plaintiff and other potential plaintiffs are similarly situated, a court may authorize that notice be given to potential plaintiffs. *See, e.g., Hoffmann–La Roche*, 493 U.S. at 170–71, 110 S.Ct. 482 (stating that a trial court has "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way"). Court-authorized notice in collective action cases is designed to prevent "a multiplicity of duplicative suits and [to] set[ ] cutoff dates to expedite disposition of the action." *Id.* at 172, 110 S.Ct. 482. As the Supreme Court has stated, the determination of what cases merit court-approved notice is within the "discretion" of the trial judge. *See id.* at 169, 110 S.Ct. 482. Nonetheless, the trial court's discretion in authorizing notice is not unbounded. The Supreme Court in *Hoffmann–La Roche* cautioned that "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." 493 U.S. at 174, 110 S.Ct. 482.

██ Plaintiff seeks to have notice given to all per diem nurses' assistants at the Northport Veterans Affairs Medical Center "who were paid 'straight time' or their regular hourly rate for hours worked over forty in one or more workweeks during the applicable three year limitation period." Pl.'s Mot. at 1. Plaintiff provided her proposed notice as an exhibit to her motion. To facilitate notice, the plaintiff seeks the production of the names and addresses of all potential plaintiffs. Pl.'s Mot. at 15–16. The government has demonstrated that it can readily comply with such a requirement by checking its records of employment at the Northport Center, having already done so to verify employment of the persons named in Ms. Gayle's affidavit. At the hearing, the court also was informed that "[p]laintiff would have no objection to paying for the reasonable cost of securing names and addresses." Hr'g Tr. 22:18–20. In these circumstances, the court will exercise its discretion to require the government to produce the names and addresses of all potential collective action members to the plaintiff.

██ Additionally, "[p]laintiff ... request[ed] that ... notice be posted at each of defendant's locations," including the Northport Center. Pl.'s Mot. at 15. This request does not appear to be justified. Nationwide scope has not been supported by the evidence, and, as to the Northport Center, most employees will have maintained current addresses and other personal information with the Center, having been motivated by tax and retirement considerations. Posting at the Northport Center thus would be largely redundant.

██ A further issue arises because, under the FLSA, civil actions "must be commenced within two years 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (quoting 29 U.S.C. § 255(a)). A violation of an FLSA provision will be classified as willful and qualify for the longer statute of limitations when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133, 108 S.Ct. 1677. Here, the government does not challenge that three years is the appropriate statute of limitations for defining potential plaintiffs. Moreover, in conditionally certifying a collective action under the FLSA, courts generally apply the longer limitations period. *See, e.g., Goudie*, 2008 WL 4628394, at *8; *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 240 (N.D.N.Y.2002). Thus, the government is

required to produce the names and addresses of all per diem nurses' assistants that have worked at the Northport Veterans Affairs Medical Center since January 11, 2005, which is three years prior to the date the complaint in this case was filed.[7]

Finally, the court has identified deficiencies in plaintiff's proposed notice. The proposed notice provided by plaintiff is premised upon the court conditionally certifying a nationwide collective action. Notice is appropriate only as to per diem nurses' assistants at the Northport Veterans Affairs Medical Center, not all per diem nurses' assistants nationwide. To conform to the requirement of judicial impartiality articulated in *Hoffmann–La Roche*, the notice should set out a neutral statement of the claims and the government's answer, without any indication of the future outcome in the case. The notice should also reflect that the proper name of this court is the United States Court of Federal Claims and should avoid any bold heading that includes the court's name on plaintiff's proposed notice, as such a heading might "suggest to potential plaintiffs that the [c]ourt has lent its imprimatur to the merits of this case." *Jirak*, 566 F.Supp.2d at 851. The proposed notice should additionally be amended to inform potential plaintiffs "not to contact the [c]ourt with questions about the litigation." *Id.*

Plaintiff's proposed notice also must be amended to inform potential plaintiffs that they may be both deposed by the government and required to testify in the instant matter. *See Russell v. Illinois Bell Tel. Co.*, 575 F.Supp.2d 930, 939 (N.D.Ill. 2008). In addition, the notice must inform potential plaintiffs of the arrangement that Ms. Gayle has with counsel concerning attorney's fees and litigation costs "[b]ecause the fee structure may impact on 'opt-in' [p]laintiff's recovery." *Fasanelli*, 516 F.Supp.2d at 324. Furthermore, plaintiff's notice must inform potential plaintiffs that they have the right to be represented by an attorney of their choice and inform potential collective

action plaintiffs how to participate in the instant litigation if they decide to exercise that right. Given the deficiencies that the court has identified in plaintiff's proposed notice, the court has attached as Exhibit A to this opinion and order a revised version of notice that the court finds acceptable. *See Heckler*, 502 F.Supp.2d at 781; *Wolfchild v. United States*, 68 Fed.Cl. 779, 802 (2005).

## CONCLUSION

Plaintiff's motion is granted in part and denied in part. Ms. Gayle has provided sufficient evidence for the court to conditionally certify a collective action for per diem nurses' assistants at the Northport Veterans Affairs Medical Center. Court-approved notice would be appropriate in this case, and thus the government shall produce the names and addresses of all per diem nurses' assistants that have worked at the Northport Veterans Affairs Medical Center at any time during the three years prior to the filing of the complaint. The government will have 30 days from the issuance of this opinion and order to provide plaintiff with the requested identifying information. Plaintiff will have 90 days from the date it receives the identifying information of putative collective-action members from the government to provide the notice, to assemble any consent forms it receives, and to file an amended complaint with the court.

It is so ORDERED.

### *Exhibit A*

### LEGAL NOTICE

### THIS NOTICE MAY AFFECT YOUR RIGHTS; PLEASE READ CAREFULLY

**TO: Per Diem Nurses' Assistants who currently work at the Northport Veterans Affairs Medical Center, or who previously worked at the Center after January 11, 2005**

The purpose of this notice is to inform per diem nurses' assistants that a collective ac-

---

7. Disputes frequently arise over whether the three-year period stems from the date the complaint was filed or when the court conditionally certifies a collective action. *See Fasanelli*, 516 F.Supp.2d at 323 n. 3. Adopting the more expansive time frame in this case seems prudent due to the government's ability to move for decertification at the close of discovery and the government's successful requests for, and receipt of, two extensions of time within which to file its answer.

tion lawsuit has been filed against the United States in the United States Courts of Federal Claims for overtime wages. As a current or former per diem nurses' assistant you may be eligible to join the pending litigation because you are potentially similarly situated to Ms. Anya Gayle, a former per diem nurse's assistant who initiated the lawsuit. This notice seeks to inform potential plaintiffs of this lawsuit and how to join the instant litigation if they so desire.

## DESCRIPTION OF THE LAWSUIT

Plaintiff, Ms. Anya Gayle, filed this lawsuit against the United States on January 11, 2008. She claims that the United States violated the Fair Labor Standards Act by failing to appropriately compensate her when she worked in excess of 40 hours a week. Ms. Gayle claims that she was paid her regular hourly rate when she worked over 40 hours a week instead of the time and a-half that she alleges she was entitled to receive. Plaintiff is seeking back pay, liquidated damages, and attorneys' fees and costs. The United States denies Ms. Gayle's allegations and asserts that she is not entitled to any relief.

## WHO MAY JOIN THE LAWSUIT

Ms. Gayle brought this lawsuit on behalf of herself and those employees who may be or have been similarly situated. Plaintiff is suing the United States on behalf of all per diem nurses' assistants who currently work at the Northport Veterans Affairs Medical Center or who previously worked at the Center after January 11, 2005.

## PARTICIPATION IN THIS LAWSUIT

If you are a per diem nurses' assistant who satisfies the above criteria, you may elect to participate in this case either by retaining a lawyer of your own choosing or by faxing or mailing the attached "Consent to Join" form to plaintiff's counsel at:

Morgan & Morgan, P.A.

Richard Celler, Esq.

7450 Griffin Road, Suite 320

Davie, Florida 33314

Telephone: (866) 344–9243

Facsimile: (954) 333–3515

Plaintiff's "Consent to Join" form must be returned to Mr. Celler in sufficient time for him to file an amended complaint with the court on or before [insert date 90 days from when the government provides identifying information]. Failure to promptly return your "Consent to Join" form so that you may be included as a plaintiff in the amended complaint may prevent you from participating in this lawsuit.

## EFFECTS OF JOINING THIS LAWSUIT

If you decide to join this lawsuit, you will be bound by the judgment rendered in this case, whether it is favorable or unfavorable. By agreeing to participate in this lawsuit, you may be required to provide information, sit for depositions, and testify at trial.

By signing and returning the "Consent to Join" form that is attached to this notice, you are agreeing to be bound by Ms. Gayle's decisions concerning the litigation, the method and manner of conducting this litigation, the fee agreement between Ms. Gayle and her attorneys, and all other matters relating to this lawsuit.

Ms. Gayle's attorneys are being paid on a contingency fee basis. Retaining a lawyer on a contingency fee basis means that the lawyer will receive a percentage of any settlement or judgment rendered in plaintiff's favor as his or her attorney's fee. If plaintiff is denied any recovery, a lawyer will not receive any attorney's fees. It is important to understand that attorneys' fees are separate and distinct from litigation costs, which you may be required to reimburse no matter the outcome of the case. You may request a copy of the contingency fee agreement and the arrangement regarding litigation costs from plaintiff's lawyer at the contact information given above.

You may also participate in this lawsuit by retaining the services of a lawyer of your own choosing. If you decide to participate in this suit through another attorney, your attorney must file a "Consent to Join" form on or before [insert date 90 days from when the government provides identifying information]. The address of the court is: United·

States Court of Federal Claims, 717 Madison Place N.W., Washington, D.C. 20005.

## EFFECT OF NOT JOINING THIS LAWSUIT

If you decide you do not wish to participate in the instant litigation, you do not need to take any affirmative steps. If you do not join the lawsuit, you will not be affected by any judgment or settlement reached in this case. If you decide not to participate in this lawsuit, you still may file a lawsuit on your own behalf. Claims under the Fair Labor Standards Act must be brought within two years of when the claim accrues. However, if your employer's violation of the Fair Labor Standards Act was "willful" your claim has to be brought within three years of the date when it accrued. The pendency of this litigation will not prevent the statute of limitations from running against you.

## NO RETALIATION PERMITTED

Federal law prohibits the defendant from discriminating against you because of your decision to participate in the instant litigation or exercise your rights under the Fair Labor Standards Act.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you decide to participate in this lawsuit, you are entitled to be represented by an attorney of your own choosing. However, if you decide to be represented by plaintiff's counsel, your attorney in the instant litigation will be:

Richard Celler, Esq.

Morgan & Morgan, P.A.

7450 Griffin Road, Suite 320

Davie, Florida 33314

Telephone: (866)344-9243

Facsimile: (954) 333-3515

## FURTHER INFORMATION

Any questions or requests for further information about this notice or lawsuit should be directed to plaintiff's attorney. The contact information for Mr. Celler is provided above. Please refrain from contacting the court with questions or requests for information.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES COURT OF FEDERAL CLAIMS.

THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF EITHER PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.

### CONSENT TO JOIN

I hereby consent to join the Fair Labor Standards Act case captioned *Anya Gayle v. United States,* 08–18C, as a plaintiff. I consent to the bringing of any claims I may have under the Fair Labor Standards Act against the defendant. I authorize the law firm of Morgan and Morgan to represent me in this pending litigation. I understand that I am not required to be represented by Morgan and Morgan, and may decide to retain the services of another attorney to represent me in this matter. If you decide not to be represented by Morgan and Morgan, your attorney must file an "opt-in" consent form with this court.

I understand that by returning this form to plaintiff's counsel, I am agreeing to be bound by Ms. Gayle's decisions concerning the litigation, the method and manner of conducting this litigation, the fee agreement between Ms. Gayle and her attorneys, and all other matters relating to this lawsuit. I am aware that I can request a copy of the contingency fee agreement and any agreement regarding litigation costs from plaintiff's lawyer at the contact information given below.

By signing and returning this consent to join, I certify that I currently work for the defendant as a per diem nurse's assistant at the Northport Veterans Affairs Medical Center or was previously employed as a per diem nurse's assistant at the Northport Veterans Affairs Medical Center after January 11, 2005.

**Date:**

**Name:**

84

Signature:

Address:

Email:

Telephone Number:

Return this form to:

Richard Celler, Esq.

Morgan & Morgan, P.A.

7450 Griffin Road, Suite 320

Davie, Florida 33314

Telephone: (866) 344–9243

Facsimile: (954) 333–3515