# In the United States Court of Federal Claims

No. 12-81C
(Filed: January 24, 2013)

```
**************************************
WARDELLE McCLENDON, on behalf of    *
himself and those similarly situated,  *
                                     *
              Plaintiff,             *
                                     *
 v.                                  *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
**************************************
```

## ORDER

Plaintiff is an equal employment opportunity counselor at the United States Department of Veterans Affairs ("VA"). He alleges in his complaint that the VA improperly classified him and other similarly situated employees as being exempt from the requirements of the Fair Labor Standards Act of 1938 ("FLSA"), and that as a result, the VA did not compensate them for time that they worked beyond forty hours per week. Plaintiff therefore seeks, on behalf of himself and those similarly situated, unpaid overtime compensation and other relief available under the FLSA.

Several months after filing his complaint, plaintiff moved the court to conditionally certify his suit as a collective action and facilitate notice to similarly situated individuals. The FLSA expressly permits collective actions. Specifically, it provides:

> An action to recover [unpaid overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added). Defendant opposed the motion and the court heard argument on January 24, 2013.

As the parties both recognize, it is common practice in federal courts for a plaintiff pursuing a collective action under the FLSA to request that the court conditionally certify the

collective action as the first step of a two-step, ad hoc process.[1]  However, this approach is not specified by the plain text of the statute or binding precedent.[2]  The FLSA does not require that a plaintiff obtain conditional certification of the collective action in order to proceed.[3]  And, there are only two decisions binding on this court that address FLSA collective actions and neither decision sanctions the certification of such actions, much less adopts the two-step, ad hoc

---

[1]  In the first step, a plaintiff must establish, under a lenient standard of proof, that other employees are similarly situated to him.  Then, if a suit is conditionally certified as a collective action, the parties engage in discovery.  The second step of the process occurs after discovery.  At that time, the defendant may move for "decertification" of the conditional collective action on the basis that the original plaintiff and the plaintiffs who have consented to join the suit are not similarly situated.  Although it is not the basis for the court declining to conditionally certify this suit, the court notes that the two-step, ad hoc approach has the potential to be inefficient because it contemplates the parties and the court addressing whether other employees are similarly situated on two separate occasions.

[2]  See generally Scott A. Moss & Nantiya Ruan, The Second-Class Class Action: How Courts Thwart Wage Rights by Misapplying Class Action Rules, 61 Am. U. L. Rev. 523 (2012); Allan G. King & Camille C. Ozumba, Strange Fiction: The "Class Certification" Decision in FLSA Collective Actions, 24 Lab. Law. 267 (2009).

[3]  As the court noted in Amendola v. Bristol-Myers Squibb Co.:

[Plaintiff] has also moved for "conditional certification" of this case as a collective action.  In contrast to the procedural requirements set forth in Rule 23 of the Federal Rules of Civil Procedure for class actions, however, neither the FLSA nor the Federal Rules of Civil Procedure provide for the certification of an FLSA collective action.  Actions brought under the FLSA often also allege related state labor law claims for which class action certification may be sought.  It is perhaps for this reason that district courts have imported the term "certification" to describe the authorization of notice of the collective action to potential plaintiffs.  This Opinion will treat [plaintiff's] motion as a request for authorization of notice and will not further refer to the motion as one for certification.

558 F. Supp. 2d 459, 462 n.1 (S.D.N.Y. 2008); accord Kim v. Kim, No. 10-CV-2515 (FB)(JO), 2010 WL 2854463, at *1 (E.D.N.Y. July 19, 2010) ("I deny as moot [plaintiff's] request for 'conditional certification' of a collective action. . . .  To the extent [plaintiff] seeks such conditional certification as a perceived prerequisite for circulating a notice to potential opt-in plaintiffs, he seeks that which he does not need.  I approve (and order) the circulation of such a notice because it will avoid delay in the litigation of this case and protect the rights of persons whose rights may be implicated in this litigation without unduly impairing the interests of the defendants.").

approach used by other courts.[4]  In Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165 (1989), the United States Supreme Court was concerned only with the propriety of court-facilitated notice to potential plaintiffs.  And in United States v. Cook, 795 F.2d 987 (Fed. Cir. 1986), the United States Court of Appeals for the Federal Circuit was concerned only with the propriety of a federal district court order authorizing the discovery of the names and addresses of potential plaintiffs.

The court's approach to FLSA collective actions is constrained, necessarily, by the express language of the FLSA.  That language permits an employee to file suit on behalf of himself and other employees who are similarly situated–however he may define "similarly situated"–and then allows other employees to file a consent form with the court to join the suit. In other words, the court is precluded from determining, at the initial stage of proceedings, who may join the suit.[5]  In sum, in the absence of any binding authority requiring court certification of FLSA collective actions–including the use of a two-step, ad hoc approach–the court denies plaintiff's motion for conditional certification as unnecessary.[6]

_____

[4]  The United States Court of Federal Claims has followed the two-step, ad hoc approach in at least three cases, see Whalen v. United States, 85 Fed. Cl. 380 (2009); Gayle v. United States, 85 Fed. Cl. 72 (2008); Briggs v. United States, 54 Fed. Cl. 205 (2002), but those decisions are not binding on the undersigned.  Of note, in two of these cases, the parties agreed that to the extent conditional certification was necessary, the two-step process was the proper procedural framework.  See Whalen, 85 Fed. Cl. at 383; Gayle, 85 Fed. Cl. at 77.  It also bears noting that the court in Whalen rejected the government's contention that due to the availability of joinder under Rule 20(a) of the Rules of the United States Court of Federal Claims ("RCFC"), conditional certification was unnecessary.  85 Fed. Cl. at 383-84.  In the instant case, the court's determination that conditional certification is unnecessary is based on different grounds:  the plain language of the FLSA and binding precedent.

[5]  However, under the RCFC, there are a variety of methods of ensuring that improperly joined plaintiffs do not remain in the suit or that litigation does not otherwise become unwieldy. RCFC 21 permits the court, on motion or on its own, to remove misjoined plaintiffs or sever claims.  Similarly, RCFC 42(b) allows the court to separate issues and claims for the purpose of trial.

[6]  During oral argument, plaintiff contended that a failure to conditionally certify the collective action would be problematic because it would preclude him from acting for all of the individuals who filed consent forms in a representative capacity.  He specifically raised concerns about his ability to pursue representative discovery.  However, conditional certification is not a prerequisite to the court adopting a discovery plan that limits the scope of discovery in a manner that expedites the proceedings.  And while the court will not rule out the use of a limited discovery plan, it notes that if the case proceeds to trial, each plaintiff's entitlement to compensation will most likely need to be established individually.

However, the court is not precluded from considering plaintiff's motion for court-facilitated notice. Because court-facilitated notice is an effective and efficient method of implementing the collective action provision of the FLSA, the court grants this motion. As a threshold matter, potential plaintiffs must be identified. Accordingly, plaintiff requests the production of the names and mailing addresses of all equal employment opportunity counselors who were employed by the VA nationwide within the three years preceding February 8, 2011.[7] The court has the authority to direct defendant to disclose this information to plaintiff. Hoffman-La Roche Inc., 493 U.S. at 170; Cook, 795 F.2d at 993. Plaintiff's request is well-focused and not overly broad. And, it would not be unduly burdensome for defendant to supply plaintiff with the requested names and mailing addresses, especially since defendant estimates that only twenty to thirty individuals held the relevant position during each of the three years at issue. Therefore, this request is granted.

Of course, these potential plaintiffs cannot join the suit if they are not aware of its existence. To ensure that the potential plaintiffs are properly notified about the existence of the suit and their ability to join the suit if desired, the court may, at its discretion, authorize and monitor the notice sent to them. Hoffman-La Roche Inc., 493 U.S. at 169. Plaintiff requests that the court approve the proposed notice and proposed consent form that he attached to his motion. Defendant raised several objections to the proposed notice, and plaintiff has agreed to work with defendant to resolve their differences. Once the parties have agreed to a proposed notice (or as much of a proposed notice as possible), the court will review it, direct any necessary changes, and authorize plaintiff to send it to the potential plaintiffs. Plaintiff shall bear the costs of mailing the notice to the potential plaintiffs, and defendant shall not be required to post the notice at its facilities.

Based on the foregoing, the court directs the following:

- The court **DENIES** plaintiff's motion for conditional certification as unnecessary and **GRANTS** plaintiff's motion for court-facilitated notice.

- Defendant shall supply plaintiff with the names and mailing addresses of all equal employment opportunity counselors who were employed by the VA nationwide within the three years preceding February 8, 2011, **no later than Monday, February 25, 2013**.

---

[7] Defendant argued in its opposition brief that the statute of limitations bars some of plaintiff's claims (those that accrued prior to February 6, 2009) and may bar some or all claims asserted by potential plaintiffs. Plaintiff responded in its reply brief that the statute of limitations should be tolled. Because the parties have not fully briefed the statute of limitations issue and because the claims of potential plaintiffs are purely speculative, see Cook, 795 F.2d at 994, the court declines to rule on the statute of limitations issue at this stage of the proceedings.

- The parties shall confer regarding a proposed notice and file either an agreed-to proposed notice, or a proposed notice identifying the points of disagreement, **no later than Monday, February 25, 2013**.

- Once the court approves a notice, plaintiff shall have a yet-to-be-defined period of time in which to mail the notice to the potential plaintiffs, collect consent forms, and file those consent forms with the court.[8] Potential plaintiffs who choose to file their own consent forms will have the same period of time in which to file the forms with the court.

- After notice has been sent to all potential plaintiffs and the time for filing consent forms with the court has expired, the court will conduct a status conference to discuss further proceedings (e.g., whether defendant will file a motion to dismiss related to the statute of limitations, whether an amended complaint is necessary to formally add to the suit the individuals who filed consent forms, the use of discovery to ascertain whether the consenting individuals were properly joined to the suit, a discovery schedule, and a process for remedying misjoinder).

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[8] If the parties do not agree to an appropriate time period in a joint proposed notice, the court will provide a time period in its order approving a notice.