David WHALEN, et al., Plaintiffs,

v.

UNITED STATES, Defendant.

No. 07–707C.

United States Court of Federal Claims.

Jan. 13, 2009.

Alexander R. Wheeler, R. Rex Parris Law Firm, Lancaster, California, for plaintiffs.

William P. Rayel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant. With him on the briefs were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., as well as Eden B. Gaines, Michael Doherty, and Julia Rhodes, Federal Aviation Administration, Office of Chief Counsel, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiffs, Mr. David Whalen and Mr. Gregory Turner, are Air Traffic Control Specialists ("ATCSs") employed by the Federal Aviation Administration ("FAA") at the High Desert Terminal Radar Approach Control ("TRACON"), Edwards Air Force Base, California ("Edwards AFB"). Plaintiffs seek damages in the form of compensation for overtime labor under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201–219 (the "Act" or "FLSA"). They have filed a motion requesting that the court conditionally certify a collective action encompassing themselves and all other similarly situated ATCSs and authorize notice to all such similarly situated persons. See Pls.' Mot. for Conditional Certification and Notice to Putative Collective Action Members at 1 ("Pls.' Mot."). Defendant ("the government") has opposed these requests, arguing that both conditional certification and notice are unnecessary in this case. See Def.'s Resp. to Pls.' Mot. at 1–2 ("Def.'s Resp."). Plaintiffs reply that the evidence they have put forth is sufficient to demonstrate that plaintiffs and members of the putative collective action are similarly situated because they were subject to a common policy or plan regarding compensation on the part of the FAA, and thus conditional certification and notice are appropriate. See Pls.' Reply in Support of Pls.' Mot. at 2 ("Pls.' Reply"). This dispute was argued at a hearing before the court on November 21, 2008.

In earlier proceedings before the court, the government's motion for partial dismissal of this action was granted in part and denied in part. See Whalen v. United States, 80 Fed. Cl. 685 (2008) ("Whalen I"). Dismissal was granted insofar as one plaintiff, Mr. Greg Morgan, was concerned, without prejudice. Id. at 690. The government's motion for a more definite statement was denied. Id. at 694. Additionally, the court requested that plaintiffs provide within thirty days the actual names and consent forms of plaintiffs designated anonymously as ATC1 through ATC50. Id. at 693. Subsequently, plaintiffs failed to provide such names and consent forms and never made any evidentiary showing of cause to maintain the anonymity of these plaintiffs. Accordingly, the action was dismissed as to anonymously described plaintiffs ATC1 through ATC50. See Order, May 30, 2008, Docket No. 18. In other respects, Mr. Whalen filed an election to continue as a named plaintiff in this action, see Docket No.

13, and Mr. Turner filed an election to join the action, *see* Docket No. 14.

## BACKGROUND[1]

Plaintiffs claim that they and all putative collective action members were or are ATCSs employed by the FAA at Edwards AFB. Pls.' Mot. at 5. Plaintiffs claim that they were entitled to receive compensation for overtime work pursuant to the FLSA, but the FAA improperly treated them as being exempt from the provisions of that Act. Compl. ¶¶ 7–11.

The FLSA provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce ... for a workweek longer than forty hours *unless such employee receives compensation for his [or her] employment* in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he [or she] is employed." 29 U.S.C. § 207(a)(1) (emphasis added). The FLSA establishes a right of action by aggrieved employees to hold liable their employers "in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b).

Plaintiffs claim that they "were not paid for all hours they were required by [d]efendant to work, including overtime compensation for time worked in excess of 40 hours per week." Pls.' Mot. at 5 (citing Compl. ¶¶ 7, 9–10, 19–20). Plaintiffs aver that this overtime work consisted of "administrative, exercise, medical, inspection and other duties which [could] have been reasonably known, anticipated, ordered, and required by [the FAA] at the time of making work schedules." Compl. ¶ 9. They assert that the FAA's actions in failing appropriately to compensate them were "willful." Compl. ¶¶ 22–23. Plaintiffs claim that the FAA employed them at all relevant times during the three years prior to the filing of the complaint in October 2007. Compl. ¶ 6.

To support their motion for conditional certification of a collective action, plaintiffs have submitted declarations, consent forms,

and opt-in forms from four putative class action members. *See* Pls.' Mot., Ex. A (Decl. and consent form of David Schmidt ("Schmidt Decl.")) ¶¶ 1–2; Pls.' Mot., Ex. B (Decl. and consent form of Dennis Hambrick ("Hambrick Decl.")) ¶¶ 1–2; Pls.' Mot., Ex. C (Decl. and consent form of Philip Delgado ("Delgado Decl.")) ¶¶ 1–2; Pls.' Mot., Ex. D (Decl. and consent form of Joel Ortiz ("Ortiz Decl.")) ¶¶ 1–2. The submitted declarations describe the grounds for prospective plaintiffs' claims under the FLSA. Each declaration contains the identical recitation that:

> I and my fellow ATCSs share the same job duties and responsibilities. My job duties consist mainly of the following: using [r]adar information and radio communications to direct and monitor air traffic so it flows, smoothly, efficiently and safely through the designated airspace. Give clearance to pilots for altitude and course changes within the airspace. Hand-off flights to other facilities for descent procedures that lead to landing. Provide weather updates and relay current weather information. Approximately 30–50 ATCSs have worked at High Desert TRACON over the last 3–years [*sic*].

Schmidt Decl. ¶ 2; Hambrick Decl. ¶ 2; Delgado Decl. ¶ 2; Ortiz Decl. ¶ 2. Declarants additionally testify to their personal knowledge regarding the policies by which the FAA compensated employees at Edwards AFB, along with their knowledge that all other ATCSs "are and were also subject to the same decisions, policies, procedures, plans[,] and/or requirements of compensation by FAA." Schmidt Decl. ¶ 3; Hambrick Decl. ¶ 3; Delgado Decl. ¶ 3; Ortiz Decl. ¶ 3.

## STANDARDS FOR DECISION

An action under the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). All plaintiffs in a FLSA collective action must "give[ ] [their] consent in writing to become such a party," and this consent must be "filed

---

1. The recitations that follow do not constitute findings of fact by the court. Instead, the recited factual elements are taken from the parties' filings and are either undisputed or are alleged and assumed to be true, except where a factual controversy is explicitly noted.

in the court in which such action is brought." 29 U.S.C. § 216(b). A collective action differs from a class action in that, among other things, it is not subject to the numerosity, commonality, typicality, and representativeness requirements set forth in Fed.R.Civ.P. 23, *see Vengurlekar v. Silverline Techs., Ltd.,* 220 F.R.D. 222, 229 (S.D.N.Y.2003), and its counterpart in this court, Rule 23 of the Rules of the Court of Federal Claims ("RCFC"). Rather, the threshold requirements governing an FLSA collective action are those described above: plaintiffs must be similarly situated, and they must opt in to the proposed action through the filing of consent. *See Hunter v. Sprint Corp.,* 346 F.Supp.2d 113, 117 (D.D.C.2004).

■ The precise mechanism by which a collective action shall be certified is not specified in the FLSA. *See Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 170–72, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). As a result, different courts have adopted variant procedures to govern a collective action. *See Gayle v. United States,* 85 Fed.Cl. 72, 77 (2008) (identifying three methods for procedurally addressing collective actions, and describing those methods as "a two-step ad hoc approach," an approach that follows the requirements of Fed.R.Civ.P. 23, and an approach that follows the "spurious class action" that prevailed in the pre–1966 version of Fed.R.Civ.P. 23) (citations omitted). However, over the past several years, most courts have generally employed a two-step approach in determining whether it is appropriate to certify a collective action in a given case. *See Cameron–Grant v. Maxim Healthcare Servs.,* 347 F.3d 1240, 1243 (11th Cir.2003); *Thiessen v. General Elec. Capital Corp.,* 267 F.3d 1095, 1102–03 (10th Cir.2001), *Gayle,* 85 Fed.Cl. at 77. The two-step approach to certification involves a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and then, after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not in fact similarly situated. *See Cameron–Grant,* 347 F.3d at 1243 n. 2; *Heckler v. DK Funding,* 502 F.Supp.2d 777, 779 (N.D.Ill.2007). Here, even though defendant objects that conditional certification is unnecessary in this par-

ticular case, Def.'s Resp. at 2, plaintiffs and defendant agree generally that if this court *were* to analyze plaintiffs' claim as a collective action, then the two-step approach to conditional certification would constitute the appropriate procedural framework. *See, e.g.,* Pls.' Mot. at 2–4; Def.'s Resp. at 3.

## ANALYSIS

Plaintiffs are at the first stage of the certification analysis. They are asking the court to designate a group of similarly situated employees for conditional certification, to facilitate the certification process by ordering defendant to produce the names and addresses of employees in the proposed class, and to approve the form of the notice to be distributed to the class. *See* Pls.' Mot. at 1–2.

### A. Conditional Certification When Permissive Joinder is Available

■ In objecting to the necessity of conditional certification, the government alludes to the availability of permissive joinder to add plaintiffs in a collective action. Def.'s Resp. at 2. This court's rules allow permissive joinder for parties who "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [if] . . . any question of law or fact common to all plaintiffs will arise in the action." RCFC 20(a)(1); *see Whalen I,* 80 Fed.Cl. at 688 n. 3. Defendant suggests that similarly situated plaintiffs "may simply move to join [this action] pursuant to Rule 20(a)," thus rendering conditional certification unnecessary. Def.'s Resp. at 2.

Although the court accepts the government's general observation that RCFC 20(a) is available to join plaintiffs in a collective action brought under the FLSA, that circumstance does not obviate a request for certification. Certification and joinder have procedural differences that affect the timing and factual bases for resolution of comparable issues. Absent certification, similarly situated employees who submit consents to join a pending suit presumptively would also seek to join that suit as plaintiffs under RCFC 20(a) pursuant to the filing of an amended complaint. The filing of an amended complaint, or a motion to amend a complaint, to provide for such joinder would engender the

question whether the plaintiffs added or to be added were similarly situated to the original or preexisting plaintiffs such that joinder was permissible.[2] Contrastingly, a request for conditional certification ordinarily presents the similarly-situated question on more abstract factual premises, such as those arising here concerning classifications or descriptions of employees or work functions rather than the activities of specific employees. Then, as the case develops, a motion to decertify may become appropriate, and that motion would provide a means to focus on the status and role of particular employees. Accordingly, in effect, a request for certification procedurally raises the similarly-situated issue prior to any move to amend the complaint or to address detailed factual questions. Moreover, certification can eliminate many questions about the scope of discovery. Thus, certification and joinder are closely related procedural aspects of the progression of a collective action but the availability of joinder does not preclude certification.

### B. Conditional Certification

#### 1. Similarly situated.

As noted, at the first step of the two-step certification process, the court preliminarily determines whether plaintiffs are similarly situated. The inquiry at this stage is not particularly searching; all that plaintiffs must put forward are " 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.' " *Thiessen*, 267 F.3d at 1102 (quoting *Bayles v. American Med. Response of Colo., Inc.*, 950 F.Supp. 1053, 1058 (D.Colo. 1996)); *see Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir.2007) (noting that "at the initial stage, courts apply a 'fairly lenient standard' for determining whether the plaintiffs are truly similarly situated") (internal citations omitted). Plaintiffs may satisfy their evidentiary burden by demonstrating that "the pleadings, affidavits, and other available evidence support the conclusion that potential class members are similarly situated." *Gayle*, 85 Fed.Cl. at 76, 2008 WL 5337393, at *2 (citing *Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 632 (S.D.N.Y. 2007)). If the court finds that plaintiffs have made a "modest factual showing" of common circumstance, *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997), then it may conditionally certify the collective action and send notice to potential collective action

---

**2.** In this court, arguably the better practice is to amend a complaint to name all similarly situated employees who file consents to join an action brought under the FLSA. Filing a simple notice of consent to join may not be sufficient. Even though Section 16(b) of the FLSA provides that an action "may be maintained ... by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*," the statute thereafter refers to a joining employee as a "party plaintiff." 29 U.S.C. § 216(b) ("No employee shall be a *party plaintiff* to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.... The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a *party plaintiff* to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor ....") (emphasis added). Amendment of the complaint to name all joining employees clarifies the identity of the claimants and eases the task of the court in rendering a specific judgment.

Earlier, between 1988 and 2002, this court and its predecessor had a provision that suspended the operation of Rules 20 and 21 for cases filed pursuant to the FLSA. General Order 19, dated September 6, 1988, provided an "interim revision" to the Rules with that effect and also provided that "[t]o add additional plaintiff(s) to a pending FLSA action, counsel for plaintiff(s) shall file a 'Notice of Additional Plaintiffs,' listing those plaintiffs." Thereafter, Rule 20 was amended on March 15, 1991, to add paragraphs 20(a)(1) and (2), which used the same language in allowing *de facto* amendments to add plaintiffs to a FLSA action by such a notice rather than by amendment of the pertinent complaint. However, in 2002, this court's rules were revised to eliminate this special rule because it had proven to be cumbersome in practice. As the Rules Committee Note to the 2002 revision states:

> The authority previously contained in RCFC 20(a)(1)-(2), permitting unrestricted joinder of additional plaintiffs to a pending multi-party action, proved cumbersome in practice and an impediment to sound case management. The joinder of additional plaintiffs should proceed by appropriate motion under RCFC 15. Accordingly, RCFC 20 was modified so as to more closely parallel the text of the corresponding Federal Rules of Civil Procedure.

As a consequence, since the revision of the court's rules in 2002, similarly situated employees who file consents to join an action brought under the FLSA should be added as party plaintiffs to the action by means of an amended complaint.

plaintiffs. *See Castillo, Inc. v. P & R Enters., Inc.*, 517 F.Supp.2d 440, 449–50 (D.D.C. 2007). In the process, the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y.2007).

Where a court has decided to grant conditional certification and notice of the putative collective action has been sent to prospective plaintiffs, after the close of discovery, the defendant may move to decertify the collective action by demonstrating, on the basis of evidence developed during discovery, that plaintiffs are not in fact similarly situated. *Hunter*, 346 F.Supp.2d at 117; *see also Chase v. AIMCO Props., L.P.*, 374 F.Supp.2d 196, 200 (D.D.C.2005) ("[U]pon a defense motion for class decertification, the court proceeds to step two and determines whether the class members are indeed similarly situated."). This motion triggers the second step of the certification process, and at this step, the court undertakes a more searching analysis into the relationship between named and opt-in plaintiffs. *See Thiessen*, 267 F.3d at 1103. The inquiry into the similarity of prospective plaintiffs is more rigorous at this stage because plaintiffs have had the opportunity to build a more robust case and "marshal their best evidence" through the discovery process. *See Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D.Ala.2004). If plaintiffs can prove that they are similarly situated based upon this stricter evidentiary burden, then the court will allow their suit to proceed to trial as a collective action. *Gayle*, 85 Fed.Cl. at 77–78. If not, then the court will decertify the action, dismissing the opt-in plaintiffs without prejudice and permitting the named plaintiffs to go forward to trial in an individual capacity. *Hunter*, 346 F.Supp.2d at 117.

■ Plaintiffs contend that the declarations they have submitted in support of their motion demonstrate that they and the other putative collective action members are similarly situated with respect to their FLSA claims. Pls.' Mot. at 5–6. Plaintiffs contend that all of the ATCSs employed by the FAA at Edwards AFB "share[d] identical job descriptions, duties and responsibilities as ATCS[s]," Pls.' Mot. at 5, and that putative collective action members have identical back wages claims under the FLSA due to the FAA's policy of not reimbursing employees for time spent undergoing security procedures at the entrance to Edwards AFB. Pls.' Mot. at 5–6 (citing Schmidt Decl. ¶¶ 5–7; Hambrick Decl. ¶¶ 5–7; Delgado Decl. ¶¶ 5–7; Ortiz Decl. ¶¶ 5–7). As plaintiffs would have it, the similar wage claims arise based upon improperly compensated overtime hours and uncompensated time spent obtaining mandatory medical clearances. Pls.' Mot. at 6 (citing Schmidt Decl. ¶ 9; Hambrick Decl. ¶ 9; Delgado Decl. ¶ 8; Ortiz Decl. ¶ 9).

The government contests the extent to which plaintiffs in this action are similarly situated under the FLSA. Specifically, the government contends that plaintiffs' proposed group of collective action members is "too broad, because people other than non-exempt operational ATCSs are classified in the ATCS occupational series at High Desert TRACON." Def.'s Resp. at 3. The government avers that the named plaintiffs, Mr. Whalen and Mr. Turner, are nonexempt operational ATCSs, *see id.* at 3, but the government distinguishes other ATCSs as *exempt non-operational ATCSs* on both a functional basis—insofar as such plaintiffs "do not spend the majority of their time performing operational duties, *i.e.*, the separation and control of live air traffic"—and in accord with certain potential collective action members' explicit statements that they are exempt under the FLSA. *See id.* at 3 (citing Appendix to Def.'s Resp. ("Def.'s App.") at 2 (Decl. of Mark Heinrich ("Heinrich Decl.")); Def.'s App. at 4 (Decl. of Susan Marmet ("Marmet Decl."))). The government argues that the collective action should not include plaintiffs performing management and support duties who are exempt from the FLSA. *See* Def.'s Resp. at 3.

Because the court's task in conditionally certifying a collective action is limited, involving only a "modest factual showing ... of a common policy or plan," *Hoffmann*, 982 F.Supp. at 261, the court will not now under-

take to resolve the issue of exempt employees raised by the government. The ATCSs classified by defendant as "nonoperational" may or may not be exempt under the FLSA, and at this stage it would be improper to "resolve [a] factual dispute" and "decide [a] substantive issue[ ] going to the ultimate merits." *Lynch*, 491 F.Supp.2d at 368. Once discovery has been completed, defendant has the right to bring a motion to decertify from the collective action any employees that it can establish are nonoperational or exempt. *See Hunter*, 346 F.Supp.2d at 117. An issue in this regard may not actually arise because, presumably, nonoperational or exempt employees would not file consents to join this action.

As a general matter, plaintiffs have demonstrated "a 'factual nexus' between [their] situation and the situation of other current and former employees." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). Defendant's objection that "distinctions [exist] in ... job titles, functions, or pay" will not stand in the way of conditional certification when an overarching nexus is present. *See Jirak v. Abbott Labs., Inc.*, 566 F.Supp.2d 845, 849 (N.D.Ill.2008). In their declarations, potential members of the collective action have averred, based on relevant personal knowledge, that all ATCSs at Edwards AFB are affected by the same FAA policies and procedures. *See* Schmidt Decl. ¶ 3; Hambrick Decl. ¶ 3; Delgado Decl. ¶ 3; Ortiz Decl. ¶ 3. These declarations by plaintiffs and potential collective action members are sufficient to satisfy the "modest showing" of commonality required for the first step of certification. *See McKinney v. United Stor-All Ctrs., Inc.*, 585 F.Supp.2d 6, 9–10 (D.D.C. 2008).

### 2. *Duplicative claims.*

■ Defendant's second objection to the breadth of the proposed collective action relates to the overlap between the claims in this case and the claims at issue in *Abbey v. United States*, No. 07–272C (Fed. Cl. filed May 5, 2007). The *Abbey* plaintiffs include ATCSs and other FAA employees who brought suit "on behalf of themselves and other employees similarly situated for declar-

atory judgment, backpay and other relief, pursuant to 29 U.S.C. [§ ] 216(b), 28 U.S.C. [§ ] 1346(a)(2) and 28 U.S.C. [§§ ] 1491, 2201 and 2002 and 5 U.S.C. [§ ] 5596." *Abbey* Compl., No. 07–272 ("*Abbey* Compl."), ¶ 1. The government objects that Mr. Schmidt, Mr. Delgado, and Mr. Ortiz should not be permitted to opt in to the collective action because they are already named as plaintiffs in *Abbey*. Def.'s Resp. at 1 n. 1 (citing Def.'s App. at 5–15). In arguing for the exclusion of the aforementioned ATCSs, the government cites the court's earlier decision in *Whalen I* that plaintiffs "should not be able to pursue two different actions on the same claim in this court." Def.'s Resp. at 2 n. 1 (citing 80 Fed.Cl. at 689). The government argues that allowing plaintiffs with claims in *Abbey* to opt into this case would run counter to the principle of the just and efficient interpretation of this court's rules. *See* Def.'s Resp. at 4 (citing RCFC 1 for the principle that this court shall construe its rules in order to promote "just, speedy, and inexpensive" resolutions).

The disposition of the issue of duplicative claims in *Whalen I* rested upon the court's " 'discretion to dismiss a complaint which simply duplicates another pending related action.' " 80 Fed.Cl. at 688 (quoting *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed.Cir.1991)). The court exercised its discretion by requiring Mr. Whalen, who was at the time a plaintiff in *Abbey*, "to make an election respecting which case he desires to pursue, either *Abbey* or the instant case, and to make that election within thirty days from the date of this order." *Id.* at 689. However, contrary to the government's argument, a rule encouraging "just, speedy, and inexpensive" determinations of cases, *see* RCFC 1, does not place the court under any immediate mandate to dismiss potentially duplicative plaintiffs from the instant case. Rather, the court's discretion in handling such matters extends to requiring duplicative plaintiffs to make an election respecting which action they wish to pursue. *See, e.g., Finch*, 926 F.2d at 1577; *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint *may* be dismissed.")

(emphasis added). The court consequently exercises the same discretion it exercised in *Whalen I* and requires Mr. Schmidt, Mr. Delgado, and Mr. Ortiz to make a formal decision respecting which case they desire to pursue, either *Abbey* or the instant case, and to make that decision within thirty days from the date of this order. Failing an election within that time to pursue their claims in this case, Mr. Schmidt, Mr. Delgado, and Mr. Ortiz shall be dismissed from this collective action. *See Hoffmann–La Roche*, 493 U.S. at 173, 110 S.Ct. 482 (recognizing and giving effect to "[t]he interest of courts in managing collective actions in an orderly fashion"). For the time being, the court accepts the declarations of these ATCSs as evidence in support of plaintiffs' motion for conditional certification.

Unlike *Abbey*, this action is focused solely upon ATCSs who were and are employed by the FAA at the High Desert TRACON, Edwards AFB. As to such ATCSs, plaintiffs have provided sufficient evidence to demonstrate that they and the proposed collective action members are similarly situated and that a conditional certification of a collective action is appropriate.

### C. Notice

#### 1. Issuance of court-authorized notice.

After a court has found that plaintiffs and putative collective action members are similarly situated, putative members of the collective action "have the opportunity to opt in to the representative action for a certain period, ... during which period the plaintiffs may engage in discovery to buttress their case that putative class members are similarly situated, and to gather the evidence necessary to meet their burden of proof on the merits when discovery is complete." *Chase*, 374 F.Supp.2d at 200 (internal citation omitted). At this intermediate stage, a court has "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." *Hoffmann–La Roche*, 493 U.S. at 169, 110 S.Ct. 482. The purpose of issuing notice in the context of an action under 29 U.S.C. § 216(b) is to provide potentially affected employees the opportunity to "make informed decisions about whether to participate," which benefits the judicial

system by promoting efficient resolution of "common issues of law and fact arising from the same alleged discriminatory activity." *Id.* at 170, 110 S.Ct. 482. The trial court is responsible for "oversee[ing] the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170–71, 110 S.Ct. 482.

■ To this end, plaintiffs have attached to their motion a proposed notice and proposed opt-in and consent forms, respecting which they seek the court's approval. Pls.' Mot. at 7–8 (citing Pls.' Mot. Exs. E–G). Plaintiffs request that this proffered notice and opt-in and consent forms be authorized for distribution to all putative members of the collective action. Pls.' Mot. at 8. The potential scope of the collective action in the instant case differs from both *Hoffmann–La Roche*, which involved up to 1,200 potential plaintiffs who had worked at different locations, *see* 493 U.S. at 168, 110 S.Ct. 482, and plaintiff's initial proposal in *Gayle* to certify a nationwide collective action of per diem nurses' assistants employed at Veterans Administration hospitals. *See Gayle*, 85 Fed.Cl. at 75–76. Instead, plaintiffs represent that only approximately 30 to 50 ATCSs have worked at the High Desert TRACON facility at Edwards AFB over the time period during which the alleged harms occurred. *See* Schmidt Decl. ¶ 2; Hambrick Decl. ¶ 2; Delgado Decl. ¶ 2; Ortiz Decl. ¶ 2.

The government responds that "there is no reason for the [c]ourt to facilitate the notice process" due to the small number of potential plaintiffs working in close proximity to one another. Def.'s Resp. at 5. In the alternative, the government urges the court, if it does decide to facilitate notice to potential plaintiffs, to modify the terms of the notice to correct various overstatements. Def.'s Resp. at 6–7. If notice is authorized, the government proposes that it will, within 30 days of the court's order, "provide plaintiffs' counsel with the names, last known addresses, telephone numbers and dates of birth (to the extent they are all available) for each operational ATCS who has worked at High Desert TRACON within three years of the date of the [instant] order." Def.'s Resp. at 5.

In plaintiffs' reply to the government's proposal, plaintiffs simply avow that they "accept the government's compromise, and anticipate receiving contact information for all putative collective action members within 30 days" of this order. Pls.' Reply at 3. Although it is not fully apparent which aspects of the government's "compromise" plaintiffs seek to accept, the court assumes that plaintiffs' intention is to receive the contact information for the relevant class of ATCSs from the government and accept the modifications to the notice proposed by the government.

The government's categorical objection to authorization of notice is unavailing even though the government properly points out that the court's discretion and responsibility over the process of facilitating notice indicates that the court is not required to authorize notice. See Gayle, 85 Fed.Cl. at 79–80. The government appeals to the principle articulated by Justice Scalia in Hoffmann–La Roche that courts should simply focus on the claims before them and refrain from helping plaintiffs' counsel seek out additional claims and claimants. Def.'s Resp. at 5 (citing 493 U.S. at 181, 110 S.Ct. 482 (Scalia, J., dissenting)). However, in a collective action such as this case, the court sees merit in exercising its discretion and authorizing notice to prevent "a multiplicity of duplicative suits and [to] set[ ] cutoff dates to expedite disposition of the action." Hoffmann–La Roche, 493 U.S. at 172, 110 S.Ct. 482.

▌ The rationale for authorizing notice so as to expedite disposition can also be justified based on the relatively short statute of limitations governing claims in this case. See 29 U.S.C. § 255(a). Under the FLSA, civil actions "must be commenced within two years 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.' " McLaughlin v. Richland Shoe Co., 486 U.S. 128, 129, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (quoting 29 U.S.C. § 255(a)). A violation of an FLSA provision will be classified as willful and qualify for the longer statute of limitations only when "the employer either knew or showed reckless disregard for the matter of whether its con-duct was prohibited by the statute." Id. at 133, 108 S.Ct. 1677. Here, the government does not challenge that three years is the appropriate statute of limitations for defining potential plaintiffs. See Def.'s Resp. at 5. In conditionally certifying a collective action under the FLSA, courts generally apply the longer limitations period even though the proofs ultimately adduced may not support reliance upon the longer period. See, e.g., Gayle, 85 Fed.Cl. at 80–81; Roebuck v. Hudson Valley Farms, Inc., 239 F.Supp.2d 234, 240 (N.D.N.Y.2002). The government is accordingly obligated to produce the names and addresses of all ATCSs who have worked at Edwards AFB since October 1, 2004, which is three years prior to the date the complaint in this case was filed.

## 2. Content of notice.

The contents of the proffered notice must be revised. The court concurs with the government that certain changes must be made to hew more precisely to the relevant provisions of the FLSA. See Def.'s Resp. at 6–7. First, the clause in plaintiffs' proposed notice that "unless that employee is properly classified as 'exempt' from the overtime provisions of the FLSA" should be modified to read "unless the employer is exempted by law from paying an employee for overtime at the rate of one and one-half times his or her regular hourly rate." Such a change would be in keeping with the fact that there exist alternative legal bases upon which employers are entitled to limit overtime pay to employees. Second, the clause in plaintiffs' proposed notice involving the designation of representative plaintiffs should be modified so as to identify the names of the two representative plaintiffs in this case. The beginning of that sentence should be changed to read, "By joining this lawsuit, you designate the representative plaintiffs, David Whalen and Gregory Turner, as your agents to make decisions on your behalf concerning the litigation...."

Third, the notice must adhere to the Supreme Court's standard of judicial impartiality, which instructs that "courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Hoffmann–La Roche, 493 U.S. at 174, 110

S.Ct. 482. Accordingly, the notice should contain a neutral statement of the claims and the government's answer, without giving any indication as to the future outcome in the case. Fourth, the notice should also avoid any bold heading that includes the court's name on plaintiff's proposed notice because such a heading might "suggest to potential plaintiffs that the [c]ourt has lent its imprimatur to the merits of this case." *Jirak*, 566 F.Supp.2d at 851. Furthermore, the proposed notice should be amended to inform potential plaintiffs "not to contact the [c]ourt with questions about the litigation." *Id.*

Fifth, plaintiffs' proposed notice must additionally be amended to inform potential plaintiffs that they may be both deposed by the government and required to testify in the instant matter. *See Russell v. Illinois Bell Tel. Co.*, 575 F.Supp.2d 930, 939 (N.D.Ill. 2008). Sixth, the notice must inform potential plaintiffs of any arrangement that Mr. Whalen and Mr. Turner have with counsel regarding attorney's fees and litigation costs "[b]ecause the fee structure may impact on [an] 'opt-in' [p]laintiff's recovery." *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 324 (S.D.N.Y.2007). Seventh and finally, the notice must both "inform potential plaintiffs that they have the right to be represented by an attorney of their choice" and notify potential members of the collective action how to participate in the instant litigation if they decide to exercise that right. *See Gayle*, 85 Fed.Cl. at 81–82. Given the deficiencies that the court has identified in plaintiff's proposed notice, the court has appended as Attachment A to this opinion and order a revised version of notice that the court finds acceptable. *See Gayle*, 85 Fed.Cl. at 81–84; *Wolfchild v. United States*, 68 Fed.Cl. 779, 802 (2005).[3]

## CONCLUSION

Plaintiffs' motion is GRANTED. Mr. Whalen and Mr. Turner have provided sufficient evidentiary cause for the court conditionally to certify a collective action under

the FLSA for ATCSs employed by the FAA at TRACON, Edwards AFB. Court-approved notice is appropriate in this case, and thus the government shall produce the names and addresses of all ATCSs that have worked at TRACON, Edwards AFB at any time during the three years prior to the filing of the complaint. In addition, Mr. Schmidt, Mr. Delgado, and Mr. Ortiz shall, within 30 days, make a formal election respecting whether they wish to pursue claims in either *Abbey* or the instant case. Failing an election within that time to pursue their claims in this case, Mr. Schmidt, Mr. Delgado, and Mr. Ortiz shall be dismissed from this collective action.

The government will have 30 days from the issuance of this opinion and order to provide plaintiffs with the requested identifying information. Plaintiffs will have 90 days from the date they receive the identifying information from the government to provide the notice, to assemble any consent forms it receives, and to file an appropriate amended complaint with the court.

It is so ORDERED.

### *ATTACHMENT A*

### LEGAL NOTICE

### THIS NOTICE MAY AFFECT YOUR RIGHTS; PLEASE READ CAREFULLY

**TO: All current and former air traffic control specialists employed at High Desert TRACON, Edwards Air Force Base, California, at any time since October 1, 2004.**

The purpose of this notice is to inform you of the existence of a collective-action lawsuit in which you are potentially eligible to participate because you may be similarly situated to the plaintiffs that originally brought the lawsuit. This notice is also intended to advise you how your rights under the Federal Fair Labor Standards Act ("FLSA") may be

---

3. Plaintiffs have not demonstrated that it is appropriate to authorize a separate posting of notice at the High Desert TRACON because ATCSs will have maintained current addresses and other personal information with the FAA, having

been motivated by tax and retirement considerations. Thus, posting in addition to issuing notice to defendant's list of employees would be largely redundant. *Gayle*, 85 Fed.Cl. at 80–81.

affected by this lawsuit, and to inform you of the procedure for participating in this suit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

On October 1, 2007, a group of Air Traffic Control Specialists at the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base ("plaintiffs") brought a lawsuit in the United States Court of Federal Claims against the United States ("defendant") as Case No. 07–707C, claiming that defendant failed to pay them for all wages owed as required by the FLSA.

Plaintiffs' counsel in this case are:

Alexander R. Wheeler

Jason P. Fowler

R. Rex Parris Law Firm

42220 10th Street West, Suite 109

Lancaster, California 93534

Telephone: (661) 949–2595

Fax: (661) 949–7524

The provisions of the FLSA require an employer to compensate an employee for all hours spent in continuous workday activities. The overtime provisions of the FLSA require that, for all hours over forty hours per week that an employee works, the employer must pay the employee at the rate of one and one-half times his or her regular hourly rate, unless the employer is exempted by law from paying an employee for overtime at the rate of one and one-half times his or her regular hourly rate. Plaintiffs in this lawsuit claim that during one or more weeks of their employment with the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California, they were not fully paid for their continuous workday activities. Plaintiffs claim they were not paid for time in which they were required to perform activities before and after their scheduled shift. Plaintiffs are suing to recover unpaid wages for the last three (3) years. Plaintiffs are also seeking to recover liquidated damages, attorneys fees, and costs associated with the litigation.

The United States denies any and all liability, including plaintiffs' allegations that it failed to pay plaintiffs for all hours spent in continuous workday activities pursuant to the FLSA.

## COMPOSITION OF THE COLLECTIVE ACTION

The named plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Plaintiffs allege they are similarly situated to current and former Air Traffic Control Specialists who worked at Edwards Air Force Base in Edwards, California at any time since October 1, 2004.

This notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States Court of Federal Claims that you and the representative plaintiffs are actually similarly situated.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, that is, you are currently or were formerly employed by the Federal Aviation Administration at the High Desert TRACON, Edwards Air Force Base, California as an Air Traffic Control Specialist and worked for a period of time for which you were not compensated, you may have a right to participate in this lawsuit.

### EFFECTS OF JOINING THIS LAWSUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the employees who have filed or opted in to this lawsuit.

By joining this lawsuit, you designate the representative plaintiffs, David Whalen and Gregory Turner, as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative

plaintiffs will be binding on you if you join this lawsuit.

The representative plaintiffs in this matter have entered into a contingency fee agreement with plaintiffs' counsel, which means if there is no recovery, there will be no attorney's fees or costs chargeable to you. If there is a recovery, plaintiffs' counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the collective action. You may request a copy of the contingency fee agreement executed by the named plaintiffs in this matter from plaintiffs' counsel at the address, telephone number or facsimile number that appears on page one of this notice.

## NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the collective action. You will not be entitled to share any amounts recovered by the parties to the collective action. You will be free to file your own lawsuit, subject to any defenses that might be asserted. Claims under the Fair Labor Standards Act must be brought within two years of when the claim accrues. However, if your employer's violation of the Fair Labor Standards Act was "willful" your claim has to be brought within three years of the date when it accrued. The pendency of this lawsuit will not prevent the statute of limitations as to any claims you might have from running against you.

## HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Opt–In Consent Form." If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, you may read, sign and return the consent form. An addressed and postage paid envelope is enclosed for your convenience. The consent form should be sent to

Alexander R. Wheeler, Esq.

R. REX PARRIS LAW FIRM

42220 10th Street West, Suite 109
Lancaster, California 93534

The signed consent form must be returned to Mr. Wheeler on or before [insert date 90 days from when the government provides identifying information]. If your signed consent form is not promptly returned, you will not participate in any recovery obtained against defendant in this lawsuit. If you have questions about filling out or sending the consent, please contact plaintiffs' counsel listed on page one of this notice.

You may also participate in this lawsuit by retaining the services of a lawyer of your own choosing. If you decide to participate in this suit through another attorney, your attorney must file a "Consent to Join" form on or before [insert date 90 days from when the government provides identifying information]. The address of the court is: United States Court of Federal Claims, 717 Madison Place N.W., Washington, D.C. 20005.

## NO RETALIATION PERMITTED

Federal law prohibits the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California to discharge, or in any manner discriminate or retaliate against you because of any decision you might make to take part in this case or to exercise your rights under the Fair Labor Standards Act.

## FURTHER INFORMATION

Further information about this notice or the lawsuit may be obtained from plaintiffs' counsel at the address, telephone number or facsimile number identified on page one of this notice. Please refrain from contacting the court with questions or requests for information.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES COURT OF FEDERAL CLAIMS.

THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF EITHER PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.

### CONSENT TO JOIN COLLECTIVE ACTION
#### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I _____ (name) consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of the Federal Aviation Administration, High Desert TRACON, Edwards Air Force Base, California paid in connection with the above-referenced lawsuit.

2. I have worked as an Air Traffic Control Specialist ("ATCS") from on or about _____ (month, year) to on or about _____ (month, year or if still working there, write "present time").

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201–219. I hereby consent, agree and opt-in to become a plaintiff and be bound to any judgment by the Court or any settlement of this action.

4. I designate the R. Rex Parris Law Firm, or such other representatives as they may designate, to represent me for all purposes in this action.

5. If I am not a named plaintiff in this lawsuit, I also designate the collective action representatives as my agents to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with plaintiffs' counsel concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signature) _____ (Date signed) _____

Address: _____ Home Phone: _____

_____ Work Phone: _____

_____ Cell Phone: _____

Email: _____

Return this form to: Alexander R. Wheeler, Esq.
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, California 93534