# In the United States Court of Federal Claims

No. 13-50C

(Filed: June 12, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
```
                                          *
CHRISTOPHER FROST,                        *
                                          *
                    Plaintiff,            *
                                          *
 v.                                       *
                                          *
THE UNITED STATES,                        *
                                          *
                    Defendant.            *
                                          *
```
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On January 22, 2013, Plaintiff filed a complaint on his own behalf and others similarly situated, seeking relief under the Fair Labor Standards Act ("FSLA"). On June 4, 2013, counsel for Plaintiff filed an unopposed motion for conditional class certification and authorization to mail notice to potential class members. For the reasons set forth below, Plaintiff's motion is GRANTED.

The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. See 29 U.S.C. § 216(b). The United States Court of Federal Claims generally employs a two-step approach to conditional certification. See Whalen v. United States, 85 Fed. Cl. 380, 383 (2009). This two-step approach involves (1) a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and (2) after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not similarly situated. Id. Courts apply a fairly lenient standard at the first stage, requiring only a "modest showing" of commonality. Id. at 384-86.

Here, Plaintiff has met his low burden of commonality. Plaintiff alleges that during his employment with the United States Probation Office as a probation officer in Savannah, Georgia, he, along with others similarly situated, were not paid overtime compensation at time and one-half their regular rate of pay for all hours worked in excess of 40 per week. Pursuant to § 216(b) of the FLSA, Plaintiff moves for conditional

certification of a class consisting of all probation officer employees who worked for the Defendant in Savannah, Georgia between June 4, 2010 and the present. Defendant does not oppose the proposed conditional class certification, but reserves the right to move to decertify the class at the appropriate time.

Plaintiff has attached to its motion a proposed notice and proposed opt-in and consent forms, and seeks the Court's approval for the use of these forms. Presented with no objections to these forms from the Government, the Court authorizes Plaintiff's use of the attached materials.

On or before June 26, 2013, the Government shall provide to Plaintiff's counsel a list containing the names, last known addresses, and telephone numbers of all probation officer employees that fall within the class. Plaintiff will have until September 9, 2013 to assemble any consent forms it receives and file an appropriate amended complaint with the Court. Within the Notice form, counsel shall set a date for the receipt of opt-in consent forms that will enable it to comply with the September 9 deadline.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge