# In the United States Court of Federal Claims

No. 19-1749C

(Filed: April 6, 2020)

| | |
|---|---|
| DOE NO.1, DOE NO. 2,<br><br>              Plaintiffs,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA,<br><br>          Defendant. | Keywords: Conditional Certification; Proposed Notice; Class Action; FLSA; Overtime Pay; Federal Bureau of Investigation; English Monitor Analyst |

*Alice Hwang*, James & Hoffman, P.C., Washington, DC, for Plaintiff, with whom were *Daniel M. Rosenthal*, *Michael Ellement*, James & Hoffman, P.C., Washington, DC, and *Linda Lipsett*, *Jules Bernstein*, Berstein & Lipsett, P.C., Washington, DC, Of Counsel.

*Kyle S. Beckrich*, Trial Attorney, Commercial Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

Before the Court is the Plaintiffs' unopposed motion for conditional certification of a collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") and for authorization to mail notice to potential class members. Plaintiffs are four English Monitor Analysts in occupation series GS-0301 at the Federal Bureau of Investigation ("FBI"). They are pursuing claims against the United States on behalf of themselves and similarly-situated employees who allege that the FBI wrongfully classified them as FLSA exempt, thereby depriving them of overtime pay to which they were entitled. Compl. ¶¶ 12–15, ECF No. 1.

Plaintiffs' unopposed motion seeks conditional certification for "all past and present FLSA FBI employees who worked as English Monitor Analysts in occupational series GS-0301 and were classified as exempt from the FLSA at any time from three years prior to the date of the notice to the present." Pls.' Unopposed Mot. for Conditional Certification & Notice ("Mot.") at 1, ECF No. 70. For the following reasons, the motion is **GRANTED**.

**DISCUSSION**

## I. Conditional Certification

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Would-be plaintiffs must "opt in," however—that is, they must give "consent in writing[,] . . . and such consent is filed in the court in which such action is brought." Id.; see also Barry v. United States, 117 Fed. Cl. 518, 520 (2014).

This Court uses a two-step approach to determine whether certification of a collective action is appropriate, which "involves a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and then, after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not in fact similarly situated." Whalen v. United States, 85 Fed. Cl. 380, 383 (2009). The first step, known as conditional certification, facilitates the opt-in process by requiring the defendant to produce the names and addresses of employees in the proposed class and by settling the form of the notice to be distributed to the class. Id. At this stage, the Plaintiffs' burden is low. Barry, 117 Fed. Cl. at 521. Plaintiffs "need only make a modest factual showing based on the pleadings, affidavits, and other available evidence that potential class members are similarly situated." Id. (internal quotation marks and citations omitted). Potential class members are similarly situated if they share "common issues of law and fact arising from the same alleged [prohibited] activity." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

In the case at bar, Plaintiffs have successfully met their burden. Proposed plaintiffs hold or have held a specific job position (English Monitor Analysts) in the same occupational series (GS-0301) at the same agency (the FBI) for the same time period ("three years prior to the date of notice to the present"). See Mot. at 1; Compl. ¶ 1. Conditional certification is appropriate because they challenge a common policy—the FBI's classification of their positions as FLSA exempt. See Doe No. 1 v. United States, 143 Fed. Cl. 113 (2019) (conditionally certifying class and approving notice for FBI Staff Operations Specialists challenging their exemption from the FLSA); Plaintiff No. 1 v. United States, 139 Fed. Cl. 440 (2018) (conditionally certifying and approving notice for FBI Investigative Specialists challenging their exemption from the FLSA); Doe No. 1 v. United States, No. 19-150C (Fed. Cl. May 7, 2019) (conditionally certifying class and approving notice for FBI Intelligence Analysts challenging their exemption from the FLSA). Accordingly, the unopposed motion for conditional class certification is **GRANTED**.

## II. Notice

If a court finds that a plaintiff and other potential plaintiffs are similarly situated, it may authorize notice be given to potential plaintiffs. See Hoffmann-La Roche, 493 U.S. at 170–71, (stating that a trial court has "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way"). Such notice should prevent "a multiplicity of duplicative suits and set[] cutoff dates to expedite disposition of the action." Id. at 172. The Supreme Court has instructed that when "exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial

neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at 174.

Plaintiffs and the government have agreed upon a proposed notice regarding the rights of potential plaintiffs to join this lawsuit. See Proposed Notice Ex. A, ECF No. 35-1. The Court is satisfied with this proposed notice. It avoids the appearance of judicial endorsement of the merits of the action. See id. at 1 ("The Court has issued no ruling on the merits of this case."). See also Hoffmann-La Roche, 493 U.S. at 174; Boggs v. United States, 139 Fed. Cl. 375, 379 (2018); Gayle v. United States, 85 Fed. Cl. 72, 80 (2015). Additionally, the notice informs potential plaintiffs that they may be deposed or required to testify, id. at 3, it establishes the cost payment structure for attorneys' fees and costs, id. at 3–4, and it notifies potential plaintiffs of their rights to file separate lawsuits, id. at 4. See also Boggs, 139 Fed. Cl. at 379; Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) (citing The Fair Labor Standards Act, 19–78–79 (Ellen C. Kearns et al. eds., 2d ed. 2010) (noting items that should be included in a court authorized notice)).

> The Court approves the following notice procedures, as agreed upon by the parties:
>
> Subject to an agreed upon protective order, Defendant will provide Plaintiffs' counsel the names, email addresses, and postal home addresses of potential plaintiffs within 20 days of the date the Court enters an order granting this motion or approves the protective order, whichever occurs later. Plaintiffs' counsel will then promptly send the notice by email and by first-class mail along with an enclosed self-addressed stamped envelope to potential plaintiffs for return by no later than 90 days from the date the notice is mailed. The email will contain only the Court-approved notice and no other language. The subject line of the email will be "Legal Notice of Collective Action and Opportunity to Join." The envelope sending the notice sent to postal addresses will contain only the Court approved notice and will have printed on the outside "Legal Notice of Collective Action and Opportunity to Join." To the extent the notice is undeliverable to potential plaintiffs' email or postal addresses, if necessary, the parties will confer within no more than five business days of Plaintiffs' counsel so notifying Government counsel.
>
> After notice is sent once by email and first-class mail, Plaintiffs' counsel may send a second notice (identical to the first notice, except with respect to the number of plaintiffs at the time the notice is sent) by first-class mail to potential plaintiffs from whom they have not received a consent form approximately one month before the deadline for receipt of consent forms. Likewise, for plaintiffs whose mailed notices were returned as undeliverable, Plaintiffs' counsel may send a second identical notice by email if efforts to obtain a correct mailing address are unsuccessful. However, both for the purposes of settlement and potential recovery of costs, plaintiffs will bear the cost of sending a second postal mailing, which will not be reimbursed by the United States.

Mot. at 4–5.

## CONCLUSION

The Unopposed Motion for Conditional Certification and Notice is **GRANTED**. The Court conditionally certifies a collective action of current and former FBI employees who worked as English Monitor Analysts in occupational series GS-0301 and were classified as exempt from the FLSA at any time from three years prior to the date of the notice to the present. The Court also approves the form of notice proposed by the parties to be provided to potential plaintiffs, and it similarly approves the arrangements proposed for providing that notice to prospective class members.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge