Geordany J. SALOMON and Donielle Lewis, Individually and On Behalf of All Others Similarly Situated, Dwight Edghill, and Shanray Powell, Individually, Plaintiffs,

v.

ADDERLEY INDUSTRIES, INC., Defendants.

No. 11 Civ. 6043(PAC).

United States District Court, S.D. New York.

March 6, 2012.

Brian Scott Schaffer, Joseph A. Fitapelli, Fitapelli & Schaffer, New York, NY, Ilan Weiser, Shulman Rogers Gandal Pordy & Ecker, PA, Rockville, MD, Marijana Frances Matura, Troy L. Kessler, Melville, NY, for Plaintiffs.

David B. Gordon, Richardson & Patel, L.L.P., New York, NY, for Defendants.

## *ORDER*

### PAUL A. CROTTY, District Judge:

On August 20, 2011, Plaintiffs[1] commenced this action against their current or former employer Adderley Industries, Inc. ("Defendant"), asserting claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law. Plaintiffs are field technicians who install and repair cable and cable related services, and were paid a fixed amount per job completed, rather than a salary or hourly rate. Plaintiffs claim that Defendant failed to pay them overtime wages, engaged in unlawful wage deduction, and retaliated against them for participating in a United States Department of Labor investigation into Defendant's compliance with the FLSA.

Plaintiffs now move: (1) for conditional certification to proceed as a collective action, under § 216(b) of the FLSA; (2) to compel Defendant to provide information regarding similarly situated employees for the six-year period prior to this suit; and (3) for court-authorized notice. Defendant opposes the motion, arguing that Plaintiffs and putative collective action members are not "similarly situated."

## I. *FLSA § 216(b) Collective Action Certification*

### 1. *Legal Standard*

■ Under § 216(b) of the FLSA, an employee is allowed to "assert claims on behalf of other 'similarly situated' employees." *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir.2010). Similarly situated employees are required to "opt-in," by filing a written consent, to become part of the FLSA collective action and to be bound by the judgment. *See id.* Courts have the discretion "to facilitate notice to potential plaintiffs to inform them of the pendency of an action and of their opportunity to opt in as represented plaintiffs." *Jason v. Falcon Data Com, Inc.*, No. 09–CV–03990 (JG)(ALC), 2011 WL 2837488, at *4, 2011 U.S. Dist. LEXIS 77352, at *11 (E.D.N.Y. July 18, 2011).

■ Courts engage in a two-step analysis in deciding whether to certify a collective action under the FLSA. *Myers,* 624 F.3d at 554–555. In the first stage of analysis, a court determines whether notice should be sent to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs, "thus issuing a 'conditional certification' of the collective action." *Winfield v. Citibank, N.A.,* 843 F.Supp.2d 397, 402, 10 Civ. 7304(JGK), 2012 WL 423346, *3, 2012 U.S. Dist. LEXIS 16449, at *8 (S.D.N.Y. Jan. 27, 2012). Plaintiffs' burden at this stage is minimal; Plaintiffs need only make a "modest factual showing" that they and potential opt-in plaintiffs " 'together were victims of a common policy or plan that violated the law.' " *Myers,* 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997)). Plaintiffs can satisfy their burden by showing " 'there are other employees ... who are similarly situated with respect to their job requirements and with regard to their pay provisions.' " *Id.* (quoting *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1258–62 (11th Cir. 2008)). Of course, Plaintiffs cannot rely on unsupported assertions to satisfy the modest factual showing; but courts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice. *See Moore v. Eagle Sani-*

---

1. Plaintiffs are: Geordany J. Salomon and Donielle Lewis, on behalf of themselves and all others similarly situated, and Dwight Edg-hill and Shanray Powell, individually (collectively, "Plaintiffs").

*tation, Inc.,* 276 F.R.D. 54, 59 (E.D.N.Y. 2011) (citing cases).

■ In the second stage of analysis, following discovery, a court determines whether the " 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers,* 624 F.3d at 555. If the plaintiffs are not similarly situated, then the collective action may be "de-certified" and "the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*

## 2. *Application*

■ At the initial notice stage, Plaintiffs have to make only a modest factual showing that they and other employees were victims of a common policy or plan. The four named Plaintiffs and one opt-in Plaintiff provided declarations in support of the motion. Plaintiffs' declarations show that the Defendant employs approximately fifty field technicians.[2] Field Technicians report to Defendant's office at approximately 7:30 a.m. each work day, at which point they receive their "work route" for the day and pick up necessary equipment.[3] Plaintiffs were often assigned additional work during the course of the day.[4] Plaintiffs'

primary field work involved installing and repairing cable and cable related services.[5] Defendants paid field technicians a fixed amount per job completed. (Compl. ¶ 48.) At the end of the day, the field technicians return to Defendant's office to, *inter* alia, return equipment and complete paperwork, which has to be reviewed by a supervisory official.[6] Defendants did not pay field technicians for time spent at the office—including time awaiting their assignment, picking up or returning equipment, filling out paperwork, and awaiting supervisory approval. (Compl. ¶ 59.) Plaintiffs' workday did not include breaks.[7] Plaintiffs typically worked five or more days per week, often in excess of forty hours, but they were not paid overtime.[8] Plaintiffs claim that other field technicians employed by Defendant also work in excess of forty hours per week, based on their conversations with coworkers, and their observation of co-workers at the office at the start and end of the day.[9] Plaintiffs identify a number of field technicians who told Plaintiffs they were not paid overtime for the hours they worked in excess of forty hours.[10] Plaintiffs have "made a modest factual showing that all the putative plaintiffs held the same position, performed the

---

**2.** Salomon Decl. (Ex. C) ¶ 10; Lewis Decl. (Ex. D) ¶ 10; Edghill Decl. (Ex. E) ¶ 10; Powell Decl. (Ex. F) ¶ 10; Giraldo Decl. (Ex. G) ¶ 11.

**3.** Salomon Decl. (Ex. C) ¶ 7; Lewis Decl. (Ex. D) ¶ 7; Edghill Decl. (Ex. E) ¶ 7; Powell Decl. (Ex. F) ¶ 7; Giraldo Decl. (Ex. G) ¶¶ 5, 8.

**4.** Salomon Decl. (Ex. C) ¶ 8; Lewis Decl. (Ex. D) ¶ 8; Edghill Decl. (Ex. E) ¶ 8; Powell Decl. (Ex. F) ¶ 8; Giraldo Decl. (Ex. G) ¶ 9.

**5.** Salomon Decl. (Ex. C) ¶ 6; Lewis Decl. (Ex. D) ¶ 6; Edghill Decl. (Ex. E) ¶ 6; Powell Decl. (Ex. F) ¶ 6; Giraldo Decl. (Ex. G) ¶ 7.

**6.** Salomon Decl. (Ex. C) ¶ 7; Lewis Decl. (Ex. D) ¶ 7; Edghill Decl. (Ex. E) ¶ 7; Powell Decl. (Ex. F) ¶ 7; Giraldo Decl. (Ex. G) ¶ 8.

**7.** Salomon Decl. (Ex. C) ¶ 5; Lewis Decl. (Ex. D) ¶ 5; Edghill Decl. (Ex. E) ¶ 5; Powell Decl. (Ex. F) ¶ 5; Giraldo Decl. (Ex. G) ¶ 6.

**8.** Salomon Decl. (Ex. C) ¶¶ 5, 8, 9, 11; Lewis Decl. (Ex. D) ¶¶ 5, 8, 9, 11; Edghill Decl. (Ex. E) ¶¶ 5, 8, 9, 11; Powell Decl. (Ex. F) ¶¶ 5, 8, 9, 11; Giraldo Decl. (Ex. G) ¶¶ 5, 9, 12.

**9.** Salomon Decl. (Ex. C) ¶ 9; Lewis Decl. (Ex. D) ¶ 9; Edghill Decl. (Ex. E) ¶ 9; Powell Decl. (Ex. R) ¶ 9; Giraldo Decl. (Ex. G) ¶ 10.

**10.** Salomon Decl. (Ex. C) ¶ 13; Lewis Decl. (Ex. D) ¶ 13; Edghill Decl. (Ex. E) ¶ 13; Powell Decl. (Ex. R) ¶ 13; Giraldo Decl. (Ex. G) ¶ 14.

same duties, were subject to the same piece-work-based compensation scheme and were not paid overtime." *Falcon Data Com, Inc.*, 2011 WL 2837488, at *5, 2011 U.S. Dist. LEXIS 77352, at *14 (granting cable technicians' motion for conditionally certified as a collective action).

Defendant argues that Plaintiffs and putative class members are not similarly situated because they worked different hours, completed different jobs during the day, and thus received different pay. They argue that since the hours worked, jobs performed, and pay received is unique to each field technician, individual issues will predominate over any common issues.

The relevant issue here, however, "is not whether Plaintiffs and [potential opt-in plaintiffs] were identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week." *Raniere v. Citigroup, Inc.*, 827 F.Supp.2d 294, 323, No. 11 Civ. 2448, 2011 WL 5881926, at *25 (S.D.N.Y. Nov. 22, 2011) (internal quotations omitted); *Winfield,* 843 F.Supp.2d at 404, 2012 WL 423346 at *5, 2012 U.S. Dist. LEXIS 16449, at *16 (same). Moreover, a fact-intensive inquiry is inappropriate at the notice stage, as Plaintiffs are seeking only conditional certification. *See Cruz v. Hook–Superx, L.L.C.,* No. 09 Civ. 7717(PAC), 2010 WL 3069558, at *2, 2010 U.S. Dist. LEXIS 81021, at *11 (S.D.N.Y.

Aug. 5, 2010) (citing cases). The Defendant will have an opportunity to argue that individual inquiries predominate over common issues, based upon the discovery, at the second phase. Accordingly, Defendant's argument is premature. *See Falcon Data Com, Inc.,* 2011 WL 2837488, at *5–6, 2011 U.S. Dist. LEXIS 77352, at *17 (rejecting argument that individualized inquiries weight against conditional certification as "premature").[11]

The Defendant also argues that the Court should not credit Plaintiffs' hearsay statements concerning other field technicians' lack of overtime pay. "[C]ourts in this Circuit regularly rely on [hearsay] evidence to determine the propriety of sending a collective action notice." *Winfield,* 843 F.Supp.2d at 402–03, 2012 WL 423346, at *3–4, 2012 U.S. Dist. LEXIS 16449, at *11–12 (alteration in original) (quoting *Eagle Sanitation,* 276 F.R.D. at 59). Given that Defendants will have an opportunity to move for decertification at the second stage, if the plaintiffs are not 'similarly situated', and the prediscovery posture of the case, the Court will consider the hearsay statements here.

Since Plaintiffs have satisfied their burden of making a modest factual showing that they and other employees were victims of a common policy or plan, the Court grants Plaintiffs' motion to conditionally certify the collective action.

---

**11.** While Defendant rely heavily on *Rogers v. Ocean Cable Group, Inc.,* No. 10–4198(NLH)(KMW), 2011 WL 6887154, at *3–5, 2011 U.S. Dist. LEXIS 149197, at *9–14 (D.N.J. Dec. 29, 2011), that case is distinguishable. In *Rogers,* the court denied cable technicians' motion to conditionally certify a collective action because: the named Plaintiffs failed to "equate their personal situations with the other putative class members"; and there appeared to be no "factual nexus between the plaintiffs' situation and a uniform company policy." Here, however, named Plaintiffs affirmed that other field technicians worked more than forty hours without overtime pay, based on Plaintiffs' conversations with them. Moreover, unlike *Rogers,* where technicians were paid overtime rates in some situations and not others, *see id.* at *1, 4–5, 2011 U.S. Dist. LEXIS 149197 at *3, 12–13, Plaintiffs here claim that neither they, nor any technician with whom they spoke, received any overtime pay, despite frequently working in excess of forty hours a week. Thus, Plaintiffs allegations strongly suggest that Defendants' failure to pay overtime was the result of a uniform policy.

## II. Motion to Compel Production of Employee Information

To facilitate the notice process, courts routinely order an employer to provide plaintiffs with information regarding potential opt-in plaintiffs. *See e.g., Krueger v. New York Tel. Co.*, 93 Civ. 0178(LMM), 1993 WL 276058, at *2, 1993 U.S. Dist. LEXIS 9988, at *7 (S.D.N.Y. July 20, 1993). The Defendant concedes that if the Court grants conditional certification, it should provide employee information for the three-year period prior to this suit, since the statute of limitations under the FLSA is three years. (Def. Opp. 8.) Plaintiffs, however, seek employee information for the six-year period prior to this suit, which corresponds to the statute of limitations under the New York Labor Law.

■ "[S]everal courts in this Circuit have deemed it appropriate to grant six-year rather than three-year notice periods" where plaintiffs assert claims under both the FLSA and New York Labor Law. *Winfield*, 843 F.Supp.2d at 410, 2012 WL 423346, at *10–11, 2012 U.S. Dist. LEXIS 16449, at *35–36 (citing cases). Granting a six-year notice period "may be relevant to a subsequent determination as to whether a class should be certified under New York law," particularly where the FLSA notice explains that there may be claims arising under New York state law that are governed by a six-year statute of limitations period. *Id.* Here, Plaintiffs' proposed notice explains there may be claims arising under New York state law, which would permit recovery for the six-year period prior to suit, and thus may aid in making a subsequent determination as to whether a class should be certified under New York law. (*See* Kessler Decl. Ex. H.) Accordingly, it is in the interest of judicial economy to provide notice covering both the three-year FLSA claims and six-year New York Labor Law claims. Plaintiffs' motion to compel production of potential opt-in plaintiff information for the six-year period prior to this suit is therefore granted.

## III. FLSA § 216(b) Court–Authorized Notice

The benefits of proceeding as a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). "Neither the [FLSA] statute, nor the courts, [however,] specifically outline what form court-authorized notice should take, nor what provisions the notice should contain." *Lee v. ABC Carpet & Home*, No. 00 Civ. 0984(DAB), 2008 WL 2073932, at *1 (S.D.N.Y. May 9, 2008).

■ A treatise advises that notice, generally, should contain "a description of some or all of the following: (1) the purpose of the notice; (2) the nature of the lawsuit filed and the relief being sought; (3) the proposed class composition; (4) the legal effect of joining the lawsuit; (5) the fact that the court has not taken any position regarding the merits of the lawsuit; (6) how to join the lawsuit; (7) the purely voluntary nature of the decision and the legal effect of not joining the lawsuit; (8) the prohibition against retaliation; and (9) the relevant contact information for any inquiries." *ABA, The Fair Labor Standards* Act, 19–78–79 (Ellen C. Kearns et al. eds., 2d ed. 2010). Courts in this district have also held that potential litigants should be advised of the possibility that opt-in plaintiffs may be required to provide information, appear for a deposition, and/or testify in court. *See, e.g., ABC Carpet & Home*, 2008 WL 2073932, at *2–3.

Plaintiffs' proposed notice contains an explanation of the nine categories of information listed above, but it does not notify potential litigants that, should they opt-in, they may be required to provide information, appear for a deposition, and/or testify. (*See* Kessler Decl. Ex. H.) While the Defendant does not object to the contents of Plaintiffs' proposed notice, the Court nonetheless finds that this additional provision would aid potential plaintiffs in making an informed decision about whether to participate in the collective action. The Court thus directs the Plaintiffs to add a provision explaining the possibility that opt-in plaintiffs may be required to provide information, appear for a deposition, and/or testify. Subject to this modification, the Court adopts Plaintiffs' proposed notice, and authorizes Plaintiffs to circulate this notice and consent forms to similarity situated individuals.

## CONCLUSION

Plaintiff's motion for conditional certification of the collective action, to compel Defendant to provide information regarding situated employees for the six-year period prior to this lawsuit, and for court-authorized notice under § 216(b) of the FLSA is GRANTED, subject to the modification of Plaintiffs' proposed notice detailed above. the Clerk of the Court is directed to close this motion (Dkt. No. 17).